IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOLI NUTRITION INC., a Canadian Corporation, GOLI NUTRITION INC., a Delaware Corporation, and MICHAEL BITENSKY,<br><br>    Defendants.<br><hr>GOLI NUTRITION INC., a Canadian Corporation and GOLI NUTRITION INC., a Delaware Corporation,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>GOLO, LLC and CHRISTOPHER LUNDIN,<br><br>    Counterclaim Defendants. | Civil Action No. 20-667-RGA-SRF |

## MEMORANDUM ORDER

At Wilmington this **5th** day of **January, 2023**, the court having considered the parties' discovery dispute letter submissions and associated filings (D.I. 376; D.I. 377; D.I. 378, D.I. 381, D.I. 382, D.I. 383), IT IS ORDERED that the parties' disputes shall be resolved in the manner set forth below:

    1.    **Production of "trademark" term search hits in Mr. Agarwal's ESI.** Plaintiff GOLO, LLC ("GOLO") requests the entry of an order compelling defendant Goli Nutrition Inc. ("Goli") to run the "trademark" search terms on the electronically stored information ("ESI") of

Dee Agarwal and to produce all hits responsive to the search. (D.I. 376 at 1) In response, Goli objects to GOLO's request as untimely and overly burdensome. (D.I. 381 at 1-2) The "trademark" terms originally proposed by GOLO resulted in over 60,000 hits in Mr. Agarwal's ESI, and GOLO's proposed narrowed "trademark" search terms resulted in more than 30,000 hits. (*Id.*, Ex. 13 at 3-8)

2.  GOLO's request is GRANTED-IN-PART. First, the court rejects Goli's timeliness arguments because GOLO's request for Mr. Agarwal's ESI has been a recurring topic of discovery disputes following the disclosure of Mr. Agarwal in the organizational chart in July. (D.I. 208) The court resolved the ESI dispute with respect to the "false advertising" search terms in an oral order dated August 2, 2022. (*Id.*) In a subsequent dispute about ESI search terms, the court instructed that a party opposing an ESI search "shall be prepared to demonstrate hit counts to the Court" in support of the objections. (D.I. 237) Nonetheless, Goli was not prepared with hit counts when GOLO sought a search of the "trademark" terms in Mr. Agarwal's ESI in November. (D.I. 327) Goli cannot prevail on a timeliness issue of its own making.

3.  The court finds it is not unduly burdensome to require Goli to produce a reasonable subset of the ESI documents. It is not disputed that the hit counts provided by Goli revealed responsive, noncumulative ESI. (D.I. 376 at 1 n.1) Therefore, on or before January 6, 2023, GOLO shall identify no more than 3,000 documents for production from the hit counts provided by Goli.[1] (D.I. 376, Ex. A) On or before January 13, 2023, Goli shall produce the documents identified by GOLO.

---

[1] It appears that Goli offered to produce 1,500 of the documents in an effort to reach a compromise on the dispute, but GOLO demanded production of over 30,000 documents. (D.I. 381, Ex. 13)

2

4. GOLO's request for the production of Mr. Agarwal's ESI on the "trademark" search terms is DENIED without prejudice in all other respects. Both the original and the narrowed search terms proposed by GOLO resulted in a large number of hit counts that would be unduly burdensome to produce at this stage of the case absent a showing of good cause that a production beyond 3,000 documents is relevant and proportional.[2] *See Hart v. Nationwide Mut. Fire Ins. Co.*, 270 F.R.D. 166, 168-69 (D. Del. 2010) (suggesting a more narrowly tailored request, such as a request for production of a sampling of relevant files, which would provide the plaintiff with sufficient information to support its claims without being unduly burdensome to the defendant).

5. **Production of certain documents on Goli's privilege log.** GOLO moves to compel Goli to produce the documents and communications on Goli's supplemental privilege log that are listed at Exhibit D to D.I. 376. (D.I. 376 at 2-3; Ex. D) GOLO groups the challenged privilege log entries in three categories: (1) documents and communications with no privileged person identified; (2) documents and communications that include third parties without a showing of commonality of interest; and (3) documents and communications that do not involve advice of counsel. (*Id.*) Goli responds that these issues are not ripe for the court's resolution because the supplemental privilege log was served on December 21, 2022, and the parties have not engaged in a meet and confer on the alleged deficiencies in the supplemental privilege log since it was served. (D.I. 381 at 2-3)

6. GOLO's request for relief is GRANTED-IN-PART. On or before January 6, 2023, Goli shall produce documents with Bates numbers DLA-GTA-0002654592 and DLA-

---

[2] Goli proffers that one hour of attorney time is required to review approximately 100 documents. (D.I. 381 at 1)

3

GTA-0002654594, along with the associated attachments, pursuant to the withdrawal of its privilege claims and agreement to produce these documents. (D.I. 381 at 3)

7. GOLO's request is DENIED without prejudice in all other respects due to the parties' failure to properly vet the issues through the meet and confer process. The record shows that Goli provided more detail about the disputed privilege log entries on December 18, 2022, and GOLO never substantively responded to this correspondence, nor did it address Goli's positions during the meet and confer on December 20. (D.I. 381 at 2; Ex. 14) Goli then served its supplemental privilege log on December 21, and there was no further correspondence, nor did the parties meet and confer on the privilege log entries until the letter submissions for this discovery dispute. (*Id.*, Ex. 15) The record also shows that a number of the privilege log entries challenged by GOLO in its opening letter submission were not addressed in the meet and confer process or discussed in the correspondence between the parties prior to the letter briefing. (*See, e.g.*, D.I. 376, Ex. D at 2)

8. Other challenged privilege log entries were discussed in the meet and confer process, but the record shows that the process had not reached its conclusion before the issues were raised with the court. For instance, GOLO seeks the production of documents and communications to or from Dr. Nicol Korner-Bitensky and Lisa Maras based on Goli's representations that these individuals are "third-parties." (D.I. 376 at 2) Goli responds that the documents and communications of Dr. Bitensky and Ms. Maras are subject to the common interest privilege, and Dr. Bitensky was the "functional equivalent" of an employee at the time the communications were made. (D.I. 381 at 3-4) There is no evidence on the present record that the parties discussed the application of the common interest privilege to these documents and communications in the lead-up to this dispute. (*Id.*, Ex. 14) Had the parties properly met

4

and conferred on this issue, GOLO should have been prepared to address Goli's assertion of the common interest privilege in its opening letter submission.

9. The parties are directed to participate in a meet and confer on the alleged deficiencies in Goli's supplemental privilege log on or before January 19, 2023. Any further disputes should follow the court's discovery dispute procedures.

10. **Production of Goli's 2022 financial documents.** GOLO's request for the production of Goli's 2022 financial documents is GRANTED-IN-PART. On or before January 11, 2023, Goli shall produce quarterly balance sheets for 2022 and monthly and quarterly income and cash flow statements for 2022. There is no dispute that Goli has not yet produced balance sheets, income statements, or cash flow statements for 2022, and there is no date certain for when Goli's 2022 audited financial statements will be available. (D.I. 381 at 4) (stating only that profit and loss statements have been produced for 2022). There is also no dispute that Goli maintains these documents in the ordinary course of business. (D.I. 376, Ex. L at 78:20-80:22) The court finds that these documents are responsive to Request for Production Nos. 13, 14, 18, and 106 to 110, which seek documents sufficient to show profits and revenues on a monthly, quarterly, and annual basis, as well as expenditures, gross and net sales, and costs. (D.I. 376, Ex. J at 9-11; Ex. K at 19-20) In accordance with its obligations under Rule 26(e)(1), Goli shall supplement its production with its 2022 audited financial statements when they become available. Fed. R. Civ. P. 26(e)(1).

11. GOLO's request is DENIED without prejudice to the extent that it seeks "monthly brand-level financial analyses from 2019 to the present." (D.I. 376, Proposed Order at 2) This language was included in GOLO's proposed order for relief, but GOLO presented no argument in support of the request in its opening letter brief.

5

12. **Production of unredacted versions of redacted documents.** Goli's motion to compel GOLO to produce unredacted versions of the documents identified by Bates number at D.I. 377, Ex. 1 at 3 is GRANTED, and GOLO shall produce unredacted versions of those documents on or before January 11, 2023. GOLO argues that it is not required to produce unredacted versions of these documents under the terms of the protective order, which allows the producing party to redact non-discoverable information within a document before producing it. (D.I. 383 at 1; D.I. 188 at ¶ 5(d)) But the protective order also requires the producing party to "plainly identify each such point of redaction with the label 'REDACTED' and must expressly and with particularity identify the basis for the redaction." (D.I. 188 at ¶ 5(d)) GOLO's labels of "Nonresponsive" over large blocks of redacted text does not satisfy the particularity requirement of the protective order. (*See, e.g.*, D.I. 377, Ex. 2) Any sensitive information contained in the documents shall be protected from further disclosure by the protective order. *See Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, C.A. No. 13-2108-RGA *et al.*, 2016 WL 720977, at *6 (D. Del. Feb. 23, 2016).

13. **Production of certain documents on GOLO's privilege log.** Goli's motion to compel GOLO to produce the privilege log entries identified at D.I. 377, Exhibits 6, 7, and 8, is DENIED without prejudice. Goli raises three categories of alleged deficiencies in GOLO's supplemental privilege log: (1) certain log entries lack a sufficient description of the document; (2) certain log entries were disclosed to third parties; and (3) no attorneys were included on certain log entries. (D.I. 377 at 2-4) The court addresses each of these arguments in turn.

14. First, Goli challenges the sufficiency of the document descriptions for certain log entries which include only metadata pulled from email subject lines. (D.I. 377 at 2; Ex. 6) The record shows that GOLO adopted this method of logging subject field metadata per Goli's own

suggestion in accordance with a decision from the Southern District of California. (D.I. 383, Ex. A) ("Per your request, I attach an order discussing the meta data 'plus' format we previously suggested."). The record further shows that Goli expressly agreed in writing to the exchange of metadata privilege logs with GOLO. (*Id.*, Ex. B at 1) Goli has thus waived any challenge to the adequacy of the "subject" column in GOLO's supplemental privilege log.

15. Next, Goli argues that GOLO has waived privilege with respect to the log entries identified at D.I. 377, Exhibit 7, because these log entries indicate that the documents were disclosed to third parties. (D.I. 377 at 3; Ex. 7) Goli does not identify which of the individuals included on the log entries at Exhibit 7 are alleged to be third parties. GOLO responds that each of the third parties listed in the challenged entries "was either acting as an agent of GOLO or its attorneys, or shared a commonality of interest with GOLO." (D.I. 383 at 2; Ex. D) As previously discussed at ¶ 8, *supra*, these assertions of common interest privilege and agency were raised for the first time in the responsive letter submission, confirming that the parties raised this issue with the court before the completion of the meet and confer process.

16. Finally, Goli contends that GOLO should be compelled to produce log entries for which no attorney involvement is identified. (D.I. 377 at 3-4; Ex. 9) A review of Exhibit 9 to Goli's opening letter submission confirms that there is no basis to grant the requested relief. Each of the log entries listed at Exhibit 9 asserts both the attorney-client and work product privilege. (*Id.*, Ex. 9) Goli raises no challenge to GOLO's assertion of work product protection in its letter brief. Moreover, there is a lack of consistency in the record concerning Goli's statement that the log entries at Exhibit 9 "contain numerous entries that do not demonstrate any attorney involvement." (D.I. 377 at 3) This statement ignores the fact that a number of the communications in Exhibit 9 were sent to Keith Walter, GOLO's general counsel. (*Id.*, Ex. 9 at

7

1) Goli also fails to acknowledge or discuss the column in Exhibit 9 dedicated to identifying the "Privileged Persons – Legal Personnel" associated with the entries. (*Id.*)

17.  In its letter submission, Goli specifically identifies two individuals, Charlotte Neuberger[3] and Madison Brooks, as non-attorney individuals whose communications and documents should not be considered privileged. (D.I. 377 at 3) Critically, Madison Brooks is not identified anywhere in Exhibit 9. (*Id.*, Ex. 9) The record establishes that Charlotte Neuberger worked as a legal assistant for GOLO. (D.I. 383, Ex. D at ¶ 3) Goli challenges these entries solely based on Ms. Neuberger's status as a non-attorney, and presents no argument to suggest that her communications did not convey legal advice or did not contain information subject to the work product protection.

18.  **Production of GOLO's monthly financial documents.** Goli's motion to compel the production of monthly financial documents is DENIED. Goli argues that these documents are responsive to Request for Production No. 83 and Interrogatory No. 14. (D.I. 377 at 4) Goli's letter submission does not attach Request for Production No. 83 as an exhibit, in contravention of the court's Oral Order dated November 17, 2022 instructing a party seeking to compel supplemental discovery responses to attach the discovery requests and responses thereto. (D.I. 327) Goli's letter submission does attach Interrogatory No. 14 along with GOLO's response, which was served on April 6, 2021. (D.I. 377, Ex. 11 at 14-15) Goli offers no explanation for why it waited over a year and a half to challenge the sufficiency of GOLO's production and seek monthly financial documents for a four-year time period. Under these circumstances, the court finds Goli's request to be unduly broad and overly burdensome.

---

[3] The court refers to Ms. Neuberger by the spelling of her name in the privilege log entries, as opposed to the spelling provided in Goli's letter submission. (*Compare* D.I. 377 at 3 *with id.*, Ex. 9)

19. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

   a. GOLO's motion to compel the production of documents identified in the "trademark" term hit counts of Mr. Agarwal's ESI is GRANTED-IN-PART. On or before January 6, 2023, GOLO shall identify 3,000 documents from the hit count identification provided by Goli at D.I. 376, Exhibit A. On or before January 13, 2023, Goli shall produce the 3,000 documents identified by GOLO. The request is DENIED without prejudice in all other respects.

   b. GOLO's motion to compel the production of certain documents on Goli's supplemental privilege log is GRANTED-IN-PART. On or before January 6, 2023, Goli shall produce documents with Bates numbers DLA-GTA-0002654592 and DLA-GTA-0002654594, along with the associated attachments, pursuant to the withdrawal of its privilege claims and agreement to produce these documents. GOLO's motion is DENIED without prejudice in all other respects.

   c. GOLO's request for the production of Goli's 2022 financial documents is GRANTED-IN-PART. On or before January 11, 2023, Goli shall produce quarterly balance sheets for 2022 and monthly and quarterly income and cash flow statements for 2022. In accordance with its obligations under Rule 26(e)(1), Goli shall supplement its production with its 2022 audited financial statements when they become available. Fed. R. Civ. P. 26(e)(1). GOLO's request is DENIED without prejudice to the extent that it seeks "monthly brand-level financial analyses from 2019 to the present."

  **d.** Goli's motion to compel GOLO to produce unredacted versions of the documents identified by Bates number at D.I. 377, Ex. 1 at 3 is GRANTED, and GOLO shall produce unredacted versions of those documents on or before January 11, 2023.

  **e.** Goli's motion to compel GOLO to produce the privilege log entries identified at D.I. 377, Exhibits 6, 7, and 8, is DENIED.

  **f.** Goli's motion to compel the production of monthly financial documents in response to Request for Production No. 83 and Interrogatory No. 14 is DENIED.

**20.** IT IS FURTHER ORDERED that the discovery dispute hearing scheduled for January 6, 2023 at 10:00 a.m. is CANCELLED.

**21.** IT IS FURTHER ORDERED that any future Joint Motions Requesting a Discovery Dispute Conference, including but not limited to renewed requests for relief on the issues addressed herein, must be accompanied by a verification setting forth: (1) the date of the meet and confers, (2) the names of counsel participating in the meet and confers, (3) the manner in which the meet and confers were held, (4) an identification of each discrete issue discussed during the meet and confers, and (5) the precise amount of time spent discussing each separate issue.

**22.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **January 11, 2023**, for review by the court, along with a motion supported by a declaration that includes a

clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Memorandum Order issued.

23. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

24. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge