## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOLO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-667-RGA-SRF |
| | ) | |
| GOLI NUTRITION INC., a Canadian Corporation, GOLI NUTRITION INC., a Delaware Corporation, and MICHAEL BITENSKY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| GOLI NUTRITION INC., a Canadian Corporation and GOLI NUTRITION INC., a Delaware Corporation, | ) ) ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GOLO, LLC and CHRISTOPHER LUNDIN, | ) ) | |
| | ) | |
| Counterclaim Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

This is the court's ruling on plaintiff GOLO, LLC's ("GOLO") motion to amend the

scheduling order for additional time to conduct third-party discovery and defendants Goli

Nutrition Inc. and Michael Bitensky's ("Goli") cross-motion in the alternative.  (D.I. 390; D.I.

400)  Because these motions are non-dispositive, my ruling is made pursuant to 28 U.S.C. §

636(b)(1)(A).  The motions were fully briefed and supplemented, and all of the submissions have

been carefully considered.  (D.I. 391; D.I. 392; D.I. 401; D.I. 402; D.I. 405; D.I. 406; D.I. 407;

D.I. 408)  For the reasons discussed below, GOLO's motion and Goli's cross-motion are GRANTED-IN-PART.

## I.   GOOD CAUSE EXISTS FOR EXTENDING THE FACT DISCOVERY DEADLINE TO JANUARY 31, 2023.

The parties' motions are GRANTED-IN-PART as they pertain to an extension of the fact discovery deadline to obtain discovery from certain third-party witnesses.[1]  The fact discovery deadline will be extended to January 31, 2023, or pending a ruling on the merits of any presently pending motion concerning enforcement of the third-party subpoenas by a court having jurisdiction over the deponent.  To accommodate the extended fact discovery deadline, the deadline for opening expert reports will also be extended to February 3, 2023.  No further extensions of scheduling order deadlines are permitted without leave of court.

Applications for amendments to the scheduling order are governed Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Good cause is present when the schedule cannot be met despite the moving party's diligence."  *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 15-785-LPS, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016).

Here, good cause exists for an extension that will give both sides an opportunity to pursue deposition subpoenas issued to third-party witnesses before the fact discovery deadline.  With respect to GOLO's witnesses, the parties agreed during today's oral argument that the deposition of Jennifer Lopez is scheduled to go forward on January 27, 2023, and Goli has no objection to GOLO pursuing the deposition of Treetop Industries, LLC f/k/a Canopy Industries LLC ("Canopy") promptly.  There appears to be no dispute that these depositions will be taken before

---

[1] The Southern District of Florida denied without prejudice GOLO's motion to enforce the deposition subpoena of Alexander Rodriguez on January 12, 2023.  (D.I. 407, Ex. A; D.I. 408)

January 31, 2023. The extension of the fact discovery deadline to January 31 applies equally to Goli. At oral argument, the parties appeared to agree that Amber Myers is an employee of GOLO, and it is likely that arrangements can be made to take her deposition as a party witness by January 31, 2023.

The two remaining witnesses subpoenaed by GOLO, and one witness subpoenaed by Goli, are presently engaged in subpoena enforcement proceedings in other jurisdictions. Better Nutritionals, LLC ("BN") is engaged in proceedings in the Central District of California. (D.I. 391, Ex. 5) The parties have represented that the Southern District of Florida compelled Alexander Rodriguez to produce documents and denied GOLO's deposition subpoena of Mr. Rodriguez without prejudice to renew based on the results of the document production. (D.I. 407; D.I. 408) And the record indicates that Goli's deposition subpoena of Dr. Terry Shirvani is the subject of enforcement proceedings in the District of Nevada. (D.I. 401, Ex. 5)

This court's extension of the fact discovery deadline to January 31, 2023 is not intended to prevent a court in another jurisdiction where enforcement proceedings are pending from addressing the merits of the deposition subpoenas.

Goli also seeks the deposition of Dr. Robert Buynak. (D.I. 401, Ex. 9) There appears to be no dispute that Dr. Buynak resides outside of this jurisdiction, and Goli has not yet commenced enforcement proceedings to obtain compliance with the deposition subpoena it issued on October 15, 2022. (*Id.*) Goli may pursue the deposition of Dr. Buynak to the extent the deposition can be completed by January 31, 2023. Any extension beyond that date should be discussed by the parties in an attempt to resolve the issue prior to seeking leave of court for an extension of the deadline.

3

Let the record be clear that these rulings are limited to extensions of time for completing the depositions in issue, and they are not to be construed as rulings on the merits of any objections to the depositions which have been or could be asserted by the deponents in their respective jurisdictions.

## II.    THE PARTIES' REQUESTS TO EXPAND THE HOURS TO TAKE THE REMAINING DEPOSITIONS IS GRANTED-IN-PART.

The parties' motions for additional hours of deposition time are GRANTED-IN-PART. At oral argument, the parties represented that GOLO has four hours of deposition time remaining, and Goli has ten hours of its deposition time remaining.  The court finds that good cause exists to expand the number of deposition hours for each side as follows:

- GOLO may have three additional hours, in addition to the four hours remaining, to take the depositions of Ms. Lopez and Canopy.

- This court allows additional time but defers to the Canadian court regarding any time limit for GOLO's examination of Dr. Bitensky, and if no such limit is ordered then a deposition of no more than seven (7) hours is permitted pursuant to Federal Rule of Civil Procedure 30(d)(1), subject to the Canadian court's limitations on the scope of the deposition, if any.

- Goli may have three additional deposition hours, and may also have an additional number of hours equivalent to the amount of time awarded to GOLO to take Dr. Bitensky's deposition, beyond its remaining ten hours of deposition time.

- To the extent courts having jurisdiction over the disputes regarding third party depositions of BN, Mr. Rodriguez, and Dr. Shirvani allow such depositions to proceed, the parties shall meet and confer on the amount of additional time, if

any, required to complete each deposition in an effort to resolve the matter prior to seeking leave of court.

## III.    GUIDANCE ON DEPOSITION CONDUCT

GOLO has expressed concern that its remaining deposition time will be eroded by a lack of witness preparation and/or alleged improper conduct by the deponent and defending counsel's overuse of objections.  The court has reviewed the exhibits which were provided as examples, including the selected video clips from defendant Michael Bitensky's deposition, and the court is cognizant of GOLO's concerns.  (*See, e.g.*, D.I. 391, Ex. 8, Deposition Transcript of Michael Bitensky)  Goli raises similar concerns about conduct occurring during the depositions of certain GOLO witnesses.  (D.I. 401 at 14, citing Ex. 22 Deposition Transcript of Christopher Lundin)  Neither party has affirmatively sought relief from the court for any alleged deposition misconduct, and it is too late for the court to entertain such requests now.

Going forward, the court is prepared to address requests for relief within its jurisdiction for alleged improper conduct by a deponent and/or counsel defending a deposition.  Such relief may include requiring a supplemental deposition of the witness along with shifting the costs associated with the original and supplemental depositions.  Depositions are court proceedings, and counsel defending a deposition may object only as permitted under Fed. R. Civ. P. 30(c)(2), which requires objections to "be stated concisely in a nonargumentative and nonsuggestive manner," and permits an instruction not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2).

In addition, counsel defending a deposition has an obligation to prepare the witness and prevent the deponent from impeding or frustrating a fair examination.  The Delaware Supreme

Court provided cautionary advice to deponents and their counsel in *In re Shorenstein Hays-Nederlander Theatres LLC Appeals*, 213 A.3d 39, 69-79 (Del. 2019), explaining that attorneys "have a responsibility to intercede and not sit idly by as their client engages in abusive deposition misconduct." This is sound advice in the view of this judicial officer.

## IV.    CONCLUSION

For the foregoing reasons, GOLO's motion to amend the scheduling order and Goli's motion in the alternative are GRANTED-IN-PART. (D.I. 390; D.I. 400) A limited extension of the fact discovery deadline to January 31, 2023, and an extension of the deadline for opening expert reports to February 3, 2023, is appropriate for the parties to take the remaining third-party depositions. The parties' requests for additional hours of deposition time are also GRANTED-IN-PART. Each side shall have an additional three hours of deposition time, plus additional hours equivalent to the amount of time awarded to GOLO to take Dr. Bitensky's deposition.

IT IS FURTHER ORDERED that the parties shall promptly provide this Memorandum Order and the Amended Scheduling Order to courts in which proceedings to enforce a subpoena are pending.

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: January 13, 2023

Sherry R. Fallon
United States Magistrate Judge