IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-667-RGA |
| GOLI NUTRITION, INC., et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Defendant Goli filed an answer to an amended complaint that included a First Counterclaim for false advertising in violation of the Lanham Act (15 U.S.C. § 1125(a)), a Second Counterclaim for deceptive trade practices in violation of Delaware law (6 Del. C. § 2531), and a Third Counterclaim for common law unfair competition under Delaware law. (D.I. 161 at 134-136). The three claims incorporate by reference the 250 or more preceding paragraphs. Of particular interest to Plaintiff GOLO are paragraphs 126-211, which are under the caption of "GOLO's False and Misleading Advertising." GOLO has moved to "partially dismiss" them. (D.I. 165). Or, as GOLO's proposed order puts it, "[The] First, Second, and Third Counterclaims, to the extent they relate to the advertising claims in paragraphs 126 through 211 of [the] Counterclaims, are dismissed with prejudice." (D.I. 165-1). Goli says those 85 paragraphs contain "over thirty-five distinct advertising claims [that] are false or misleading." (D.I. 168 at 1).[1]

---

[1] GOLO agrees that there are a lot, although it describes them as "more than twenty." (D.I. 166 at 11).

The main thrust of GOLO's motion to dismiss[2] is that Goli has not "plead *facts* that could plausibly support its conclusory allegations" that "GOLO's marketing statements are false and/or misleading." I read GOLO's opening brief, and, then, in order to determine what I thought about the motion, started reading the offending paragraphs. I had not gotten too far when I read paragraphs 145-168. My reaction after reading them was, there are facts pleaded that support the allegations that the marketing statements are false or misleading. I then went back to GOLO's opening brief to see what it said about those paragraphs. I then noticed what I had missed on the first read-through, which was that GOLO itemized various paragraphs that it said did not plausibly allege false or misleading statements, but that GOLO skipped over those paragraphs.[3] I checked the reply brief—nothing there either.

For me, that is enough.[4] "The [counterclaim] should not be 'parsed piece by piece to determine whether each allegation, in isolation, is plausible.'" *Sweda v. Univ. of Pennsylvania*, 923 F.3d 320, 331 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 2565 (2020). "[My] obligation is not to read each allegation in isolation nor to nitpick a complaint line by line, paragraph by paragraph." *In re Auto. Parts Antitrust Litig.*, 2014 WL 4272784, at *6 (E.D. Mich. Aug. 29, 2014). Rather, I consider the "well-pleaded factual allegations" using a "holistic approach." *Sweda*, 923 F.3d at 331. Using that approach, Goli has plausibly stated a claim for each of the three challenged counterclaims. That is enough to resolve the motion.

Thus, I DENY the partial motion to dismiss. (D.I. 165).

IT IS SO ORDERED this 10th day of March 2023.

_____
United States District Judge

---

[2] GOLO's brief is really over-the-top: "GOLI is . . . a modern-day snake oil sales company." (D.I. 166 at 6).
[3] I subsequently noticed that Goli pointed this out. (D.I. 168 at 8).
[4] It seemed to me that some of the other descriptions of false or misleading marketing were also sufficiently pled.