IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 20-667-RGA-SRF |
| GOLI NUTRITION INC., a Canadian Corporation, GOLI NUTRITION INC., a Delaware Corporation, and MICHAEL BITENSKY, | ) |
|       Defendants. | ) |
| GOLI NUTRITION INC., a Canadian Corporation and GOLI NUTRITION INC., a Delaware Corporation, | ) |
|       Counterclaim Plaintiffs, | ) |
| v. | ) |
| GOLO, LLC and CHRISTOPHER LUNDIN, | ) |
|       Counterclaim Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this **31st** day of **May, 2023**, the court having considered the parties' discovery dispute submissions (D.I. 580; D.I. 581; D.I. 582; D.I. 583), IT IS ORDERED that the parties' disputes shall be resolved in the manner set forth below:

1. **Goli's motion to reopen fact discovery.** Goli moves the court for an extension of the fact discovery deadline for the limited purpose of taking the deposition of Dr. Robert J. Buynak. (D.I. 581) Dr. Buynak is the author of the only two product-specific studies for GOLO's meal plan and Release product. (*Id.*, Ex. 7 at 1, 3-4) In October of 2022, Goli

subpoenaed Dr. Buynak for documents and testimony, months prior to the fact discovery deadline on January 6, 2023. (*Id.*, Exs. 1-2; D.I. 281; D.I. 284; D.I. 308)

2. The November 4 deposition date listed on the face of Dr. Buynak's subpoena came and went. (D.I. 581, Ex. 1) During a November 30 meet and confer on the status of third-party discovery, Goli's counsel represented that Dr. Buynak and Dr. Terry Shirvani were "interchangeable" as third-party witnesses, and Goli would be satisfied with obtaining only Dr. Shirvani's testimony. (D.I. 406 at ¶ 10) Goli reversed course on December 16, 2022, representing it intended to move to compel compliance with Dr. Buynak's subpoenas. (*Id.* at ¶ 13)

3. On January 13, 2023, the court issued a Memorandum Order stating that "Goli may pursue the deposition of Dr. Buynak to the extent the deposition can be completed by January 31, 2023. Any extension beyond that date should be discussed by the parties in an attempt to resolve the issue prior to seeking leave of court for an extension of the deadline." (D.I. 409 at 3) On the same day, Goli followed up to ask whether GOLO would be producing Dr. Buynak for deposition. (D.I. 581, Ex. 3 at 3) GOLO responded in the negative. (*Id.*, Ex. 3 at 1)

4. Goli moved to enforce the Buynak subpoenas in the United States District Court for the Northern District of Indiana (the "Indiana District Court") on January 27, 2023, nearly three months after the deposition date on the face of the subpoena and more than a month after Goli said it would initiate enforcement proceedings. (*Id.*, Ex. 4)

5. On May 2, 2023, the Indiana District Court granted Goli's motion to compel the deposition of Dr. Buynak based on a finding that Dr. Buynak has unique information and knowledge about the studies he performed on GOLO's meal plan and Release product. (D.I. 581, Ex. 7 at 3-4) The Indiana District Court further deferred to this court "to manage its own

docket and encourage[d] the parties to work together to agree to the appropriate extensions or to petition the presiding court as appropriate, being mindful of the requirements of the Local Rules to attempt to resolve their disputes without involving the courts." (*Id.*, Ex. 7 at 4)

6. Needless to say, the parties were unsuccessful in working together to resolve this matter as instructed by the Indiana District Court.

7. Although the Indiana District Court found that Dr. Buynak is a relevant source of information[1] and his deposition would not be unduly burdensome, the Court expressly deferred to this court on matters relating to case management. (D.I. 581, Ex. 7 at 4) Under the unique circumstances of this case, the court DENIES Goli's request to amend the schedule for the limited purpose of taking discovery from Dr. Buynak.

8. This case is more than three years old. Fact discovery has been closed for nearly six months. (D.I. 522 at 2) Expert discovery has been closed for two months. (*Id.*) Case dispositive motions are fully briefed. (*Id.*) Trial is scheduled to begin on August 21, 2023. (*Id.*) In a nod to the procedural posture of the case, Goli acknowledges that "it intends to use the Buynak documents and testimony in connection with trial," with no other modifications to the scheduling order. (D.I. 581 at 2) But the court's form of scheduling order contemplates the completion of fact discovery before the beginning of expert discovery for good reason. And the history of this litigation as articulated in the court's April 17 Memorandum Order strongly

---

[1] In its opening brief before the Indiana District Court, Goli advocated for the application of the Rule 26(b)(1) standard predating the 2015 amendments to the Rule. (D.I. 581, Ex. 4 at 6) (citing *Fed Ex Ground Package Sys., Inc. Empl. Practice Litig.*, 2006 WL 2604599 (N.D. Ind. 2006), for the proposition that "relevancy will be construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'"). Under the revised version of Rule 26(b)(1), information is discoverable "if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

3

suggests that permitting this discovery will not bring closure. (D.I. 522) Thus, the court cannot find with any amount of certainty that the balance of the case schedule will not be disrupted if the requested fact discovery is permitted.

9. Moreover, Goli has not shown the requisite diligence to establish good cause for reopening fact discovery at this stage. The chronology at ¶¶ 1-5, *supra*, illustrates what can only be characterized as an uneven pursuit of Dr. Buynak's deposition. Goli waited a month and a half after the scheduled deposition date to suggest it might move to compel compliance with the subpoena. (D.I. 406 at ¶ 13) It then waited another month and a half to file the motion to compel compliance, weeks after the close of fact discovery. (D.I. 581, Ex. 4) During that same period, Goli brought a multitude of fact discovery disputes to this court's attention and initiated proceedings to compel compliance with the deposition subpoena of Dr. Shirvani. (*See, e.g.*, D.I. 371; D.I. 409 at 3) Among the volume of fact discovery issues Goli chose to prioritize during this time, enforcement of Dr. Buynak's subpoenas did not make the cut.

10. Even when Goli ultimately decided to pursue enforcement of the Buynak subpoenas, its actions lacked the urgency dedicated to other discovery issues. Goli's motion to compel compliance with the subpoena in the Indiana District Court confirms it was cognizant of the time-sensitive nature of the requested discovery. (*Id.*, Ex. 4 at 3, 10) But Goli did not formally request expedited relief, or even an expedited briefing schedule, even though this court had indicated Dr. Buynak's deposition should be completed by January 31, 2023. (*Id.*, Exs. 4-6; D.I. 409 at 3) Now, expert discovery is closed and briefing on summary judgment is complete. Goli acknowledges that the utility of any evidence it may obtain from Dr. Buynak at this stage would be limited to trial. (D.I. 581 at 2)

**11. GOLO's motion to reopen fact discovery.** GOLO moves the court for an extension of the fact discovery deadline for the limited purpose of serving subpoenas on Sharon Hoffman, MeriCal, and Clever. (D.I. 580) However, GOLO's request for relief is conditioned on whether Goli is granted leave to pursue the deposition of Dr. Buynak. (D.I. 580 at 1) Having determined that there is no good cause to reopen fact discovery for the deposition of Dr. Buynak at this late stage of the proceedings, GOLO's request for additional third-party discovery is DENIED as moot.

**12. Conclusion.** For the foregoing reasons, IT IS ORDERED that Goli's motion to reopen discovery for the limited purpose of deposing Dr. Buynak (D.I. 581) is DENIED, and GOLO's conditional motion to serve additional third-party discovery on Goli's manufacturers (D.I. 580) is DENIED.

**13.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to three (3) pages each.

**14.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge