IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-667-RGA-SRF |
| ) | |
| GOLI NUTRITION INC., a Canadian ) | |
| Corporation, GOLI NUTRITION INC., ) | |
| a Delaware Corporation, and MICHAEL ) | |
| BITENSKY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| GOLI NUTRITION INC., a Canadian ) | |
| Corporation and GOLI NUTRITION INC., ) | |
| a Delaware Corporation, ) | |
| ) | |
| Counterclaim Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| GOLO, LLC and CHRISTOPHER ) | |
| LUNDIN, ) | |
| ) | |
| Counterclaim Defendants. ) | |

**REPORT AND RECOMMENDATION**

Presently before the court in this trademark infringement action is the motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b), which was filed by plaintiff GOLO, LLC and counter-defendant Christopher Lundin (together, "GOLO"). (D.I. 313)[1] For the following reasons, I recommend that the court DENY GOLO's motion for sanctions.[2]

---

[1] The briefing and related filings associated with the pending motion for sanctions are found at D.I. 329, D.I. 330, and D.I. 347.

[2] GOLO's motion for sanctions seeks dismissal with prejudice of Goli's false advertising claims. (D.I. 313-1 at ¶ 3) Because the motion for sanctions includes a request for dispositive relief on Goli's counterclaims, this ruling is made as a Report and Recommendation under 28 U.S.C. §

## I. BACKGROUND

GOLO has marketed dietary supplements and weight management products and services since 2011. (D.I. 124 at ¶ 32) Defendants Goli Nutrition Inc., a Canadian Corporation, Goli Nutrition Inc., a Delaware Corporation, and Michael Bitensky (collectively, "Goli") began selling gummy supplements in 2019 for the promotion of weight loss, immune system and heart health, and improved digestion and energy. (D.I. 124 at ¶ 5; D.I. 161 at ¶ 27) On May 18, 2020, GOLO filed this lawsuit alleging that Goli infringed GOLO's trademark by offering dietary supplements using similar retail channels and targeting the same customers. (D.I. 1)

On June 9, 2020, GOLO filed a motion for a preliminary injunction against Goli, identifying instances of actual customer confusion between GOLO and Goli's nutritional supplements and/or services. (D.I. 10; D.I. 11 at 1) In response, Goli maintained that its gummy supplements do not compete with GOLO's diet plan and weight loss pill. (D.I. 29 at 1) The court denied GOLO's motion for a preliminary injunction on September 1, 2020, finding that while both products broadly related to weight management, the products did not directly compete and Goli's mark did not present a likelihood of confusion. (D.I. 62 at 5-6)

GOLO's first amended complaint, filed on December 20, 2021, included more factual allegations and added causes of action for false advertising against Goli under federal and state law. (D.I. 124 at ¶¶ 222-40; D.I. 106, Ex. B) Goli filed its answer to the first amended complaint on April 22, 2022, asserting a counterclaim for false advertising against GOLO. (D.I.

---

636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. *See FedEx Supply Chain Logistics & Elecs., Inc. v. Viking Techs., LLC*, C.A. No. 21-72-CFC-JLH, 2022 WL 608087, at *3 (D. Del. Jan. 5, 2022) (addressing a Rule 11 motion for sanctions in a Report and Recommendation where the movant sought dismissal of counterclaims in addition to attorneys' fees); *Leonard v. Stemtech Int'l, Inc.*, C.A. No. 12-86-LPS-CJB, 2012 WL 3655512, at *1 (D. Del. Aug. 24, 2012), *report and recommendation adopted*, 2012 WL 4591453 (D. Del. Sept. 28, 2012) (distinguishing dispositive motions for sanctions from nondispositive motions seeking only attorneys' fees).

161 at ¶¶ 255-67) GOLO moved to dismiss Goli's counterclaims about Goli's AeroTrainer product on standing grounds.[3] (D.I. 166 at 21-24) GOLO did not seek dismissal of Goli's false advertising counterclaim based on Goli's broader position that the parties do not compete.

On April 4, 2023, the pending motion for sanctions was referred to the undersigned judicial officer. (D.I. 505) Both parties filed case dispositive motions on April 14, 2023, in accordance with the operative scheduling order. (D.I. 515; D.I. 517; D.I. 410) Goli moved for summary judgment on its false advertising counterclaim, arguing that GOLO's advertisements include literally false statements about its products and asserting that the court may presume consumer deception, materiality, and harm because Goli seeks only injunctive relief. (D.I. 518 at 18-20) In response, GOLO maintains that there is a genuine issue of material fact about whether GOLO's advertisements are literally false. (D.I. 545 at 19) GOLO does not argue that Goli's false advertising claim fails as a matter of law due to Goli's position that the parties do not compete. (*Id.* at 19-20)

A pretrial conference is scheduled for August 11, 2023, and a five-day jury trial is set to begin on August 21, 2023. (D.I. 308 at 2)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 requires attorneys to conduct "an inquiry reasonable under the circumstances" into the law and facts before filing pleadings and to certify that their claims are neither legally frivolous, without factual foundation, nor presented for an improper purpose. Fed. R. Civ. P. 11(b). Courts are authorized to impose sanctions for Rule 11 violations on an attorney, law firm, or party. Fed. R. Civ. P. 11(c). When deciding whether sanctions are appropriate, courts assess whether the challenged conduct was "objectively reasonable under the

---

[3] Goli's counterclaims depict GOLO's AeroTrainer product as an "ergonomically contoured, 2-sided and inflatable exercise platform" for use in workout routines. (D.I. 161 at ¶ 91)

3

circumstances." *Ario v. Underwriting Members of Syndicate 53,* 618 F.3d 277, 297 (3d Cir. 2010) (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)).

The primary purpose of Rule 11 is to correct litigation abuse, not to authorize "wholesale fee shifting" against the party on the losing side of an issue. *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quotation omitted). Accordingly, Rule 11 sanctions should be imposed only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Id.* (quotation omitted).

### III. DISCUSSION

In support of the motion for sanctions, GOLO argues that Goli has taken irreconcilable positions on whether there is competition between the parties. (D.I. 313) While Goli maintained that the parties do not compete in its briefing on GOLO's motion for a preliminary injunction, GOLO alleges that Goli's standing to assert its false advertising counterclaim depends on the existence of competition between the parties because the challenged ads are only about GOLO's own products and there can be no reputational injury to Goli. (*Id.* at 2-6) Goli responds that it has consistently argued the parties do not compete, emphasizing that competition is not a required element for its false advertising counterclaim. (D.I. 329 at 15-17)

I recommend that the court deny GOLO's motion for sanctions because GOLO has not satisfied the high bar for establishing that sanctions are warranted. *See Doering*, 857 F.2d at 194. The record before the court does not support GOLO's position that Goli has taken inconsistent positions on whether the parties are competitors. Instead, the record confirms that Goli has maintained throughout the litigation that it does not compete with GOLO. (*See, e.g.,* D.I. 161 at ¶ 203) ("While neither the parties nor their products do in fact compete, consumers may come to believe they do based upon GOLO's false and misleading statements[.]"). Goli reiterates this

4

position in its response to GOLO's motion for sanctions. (D.I. 329 at 3-4) Consequently, GOLO's motion for sanctions is nothing more than a legal challenge to Goli's standing to assert its false advertising counterclaim.

Case dispositive motions are the preferred vehicle for addressing allegedly meritless legal and factual disputes. *See Blattman v. Siebel*, C.A. No. 15-530-GMS, 2017 WL 10604023, at *2 (D. Del. Jul. 31, 2017) (citing cases); *see also CTC Imports & Exports v. Nigerian Petroleum Corp.*, 951 F.2d 573, 579 (3d Cir. 1991) ("In imposing Rule 11 sanction . . . the court does not pass judgment on the merits of an action."); *Open MRI & Imaging of RP Vestibular Diagnostics, P.A. v. Horizon Healthcare Servs., Inc.*, 2022 WL 995191, at *4 (D.N.J. Mar. 7, 2022) (denying motion for sanctions as premature where it addressed issues that had not yet been adjudicated). Here, the parties' briefing on case dispositive motions clarifies the contested issues and confirms that sanctions against Goli are not warranted.

While GOLO represents that Goli has taken irreconcilable positions on whether the parties compete in its motion for sanctions, GOLO's response to Goli's motion for summary judgment identifies no ambiguity in Goli's position. (*Compare* D.I. 313 at 2-6 *with* D.I. 545 at 2-5) Instead, GOLO argues its position that the parties compete conflicts with Goli's position that the parties do not compete, giving rise to a genuine issue of material fact. (D.I. 545 at 2-5) Yet GOLO does not suggest on summary judgment that a lack of competition between the parties would be fatal to Goli's standing to bring its false advertising counterclaim, as it did in the motion for sanctions. (*Compare id. with* D.I. 313 at 4-6) GOLO had an opportunity to raise that challenge in its own case dispositive motion or in response to Goli's motion for summary judgment. GOLO did neither. (D.I. 516; D.I. 545) GOLO's failure to pursue the argument

underlying its motion for sanctions in case dispositive motions further supports the recommended denial of the sanctions motion.

I also recommend that the court deny Goli's request for an award of attorneys' fees as reimbursement for the cost of preparing the answering brief. As Goli explains, "the fact that a party's argument is ultimately found to be unavailing does not establish a basis for imposing sanctions." (D.I. 329 at 14) Goli cites no binding authority in support of its position that denial of a Rule 11 motion should result in an award of costs to the non-moving party, and the court is not persuaded by Goli's position that GOLO's motion for sanctions was brought for an improper purpose. (*Id.* at 18-19)

Even if the court were to find that GOLO brought the motion for sanctions for an improper purpose, the record before the court does not support the reasonableness of the fee amount requested by Goli. Goli asks the court to calculate the lodestar by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." (D.I. 329 at 19) (citing *Rath v. Vita Sanotec, Inc.*, C.A. No. 17-953-MN, 2020 WL 5877597, at *4 (D. Del. Oct. 2, 2020)). GOLO's motion for sanctions is less than eight double-spaced pages in length and includes no exhibits. (D.I. 313) Goli represents that its attorneys expended more than eighty hours drafting an answering brief in response to the eight-page motion, accruing fees totaling more than $67,500. (D.I. 330 at ¶¶ 14-15) Goli presents arguments and authority on the reasonableness of the rates charged by its attorneys, while remaining silent on the reasonableness of the hours spent responding to the motion. (D.I. 329 at 19-20) Because Goli has failed to establish the reasonableness of the hours spent responding to GOLO's motion for sanctions, and because Goli's request is disproportionate on its face, I recommend that the court deny Goli's request for fees.

## IV. CONCLUSION

For the foregoing reasons, I recommend that the court DENY GOLO's motion for sanctions under Fed. R. Civ. P. 11. (D.I. 313)

Given that the court has relied upon material that technically remains under seal, the court is releasing this Report and Recommendation under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Report and Recommendation should be redacted, the parties shall jointly submit a proposed redacted version by no later than **June 22, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Report and Recommendation issued.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to four (4) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 15, 2023

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE