IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOLI NUTRITION INC., a Canadian Corporation, GOLI NUTRITION INC., a Delaware Corporation, and MICHAEL BITENSKY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 20-667-RGA-SRF |
| GOLI NUTRITION INC., a Canadian Corporation and GOLI NUTRITION INC., a Delaware Corporation, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> GOLO, LLC and CHRISTOPHER LUNDIN, <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM ORDER

At Wilmington this **15th** day of **June, 2023**, the court having considered the motion of plaintiff GOLO, LLC ("GOLO") to seal its communications with the Task Force of the Office of the District Attorney of Marin County, California ("Task Force"), and portions of the court's April 17 Memorandum Order referring to the Task Force (D.I. 534), and having also considered the associated filings and briefing on the motion to seal (D.I. 535; D.I. 557; D.I. 567), IT IS ORDERED that the motion is GRANTED-IN-PART for the reasons set forth below:

1. **Legal standard.** It is well-settled that the public has a common law right of access to judicial proceedings and records. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986). The public's right of access is strongly presumed, but it is not absolute, and it can be overcome if a party demonstrates that public disclosure of a filing will result in "a clearly defined and serious injury." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Moreover, the common law right of access does not extend to discovery motions and supporting materials because the "underlying discovery material *itself* is not a judicial record." *Genentech, Inc. v. Amgen, Inc.*, C.A. No. 17-1407-CFC *et al.*, 2020 WL 9432700, at *3 (D. Del. Sept. 2, 2020) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157 (3d Cir. 1993)).

2. **Analysis.** GOLO requests two forms of relief in its motion to seal. (D.I. 534, Ex. B) First, GOLO asks the court to maintain under seal the Task Force communications attached as an exhibit to Goli's discovery dispute submission. (D.I. 490, Ex. H) Second, GOLO requests that the court redact all references to the Task Force and its investigation in the April 17 Memorandum Order. (D.I. 534, Ex. A) GOLO's motion is GRANTED with respect to the Task Force communications, and it is DENIED with respect to the proposed redactions to the April 17 Memorandum Order.

3. ***Task Force communications.*[1]** GOLO asks the court to seal 138 pages of communications with the Task Force which were attached to Goli's opening discovery dispute

---

[1] Additional background on the Task Force documents and Goli's efforts to erode the confidentiality of those documents is set forth in the April 17 Memorandum Order. (D.I. 522 at ¶¶ 17-20) Of note are the Task Force attorney's confirmation that the Task Force correspondence is confidential, and Goli's counsel's continued silence on the perceived propriety of their direct contact with the Task Force about the GOLO inquiry. (D.I. 492 at 3 n.9; D.I. 557)

2

letter submission filed on March 22, 2023. (D.I. 490, Ex. H; D.I. 534 at 1-2) These communications are deemed confidential under California law.[2] (D.I. 490, Ex. H at GOLODE_00143504) Goli's request amounts to an end run around the protections which attach to these communications under California state law, and the court will not permit Goli to make public through this litigation material that would otherwise remain confidential. *See Kaleo, Inc. v. Adamis Pharms. Corp.*, C.A. No. 19-917-RGA, 2019 WL 11680196, at *1 (D. Del. July 16, 2019) (granting motion to seal based on a finding that disclosure of the defendant's regulatory communications with the FDA would cause a clearly defined and serious injury). Goli previously tried and failed to obtain information about the District Attorney's investigation directly from the source in an exchange that confirms the confidential nature of the communications. (*See* D.I. 522 at ¶¶ 17-18)

4. Also, because the Task Force communications are attached as an exhibit to a discovery dispute submission, the common law right of access does not apply. *See Leucadia*, 998 F.2d at 157; *Genentech*, 2020 WL 9432700, at *3. The evidence provided by GOLO supports the conclusion that the Task Force communications should remain confidential at this stage of the inquiry. (D.I. 490, Ex. H at GOLODE_0143504; D.I. 535 at ¶¶ 4-5) Consequently, GOLO's motion to seal the Task Force communications is GRANTED.

5. Goli argues that the common law right of access standard articulated in *In re Avandia* applies to the Task Force communications because Goli has attached some of these

---

[2] This communication from the District Attorney's office confirms that "our offices will keep any documentation in response to this request confidential to the fullest extent permissible under the law," citing Cal. Gov. Code § 6254(f); Cal. Evid. Code § 1040; and Cal. Bus. & Prof. Code § 17508. (D.I. 490, Ex. H at GOLODE_00143504) By way of example, California Evidence Code § 1040 establishes a privilege for "official information" acquired in confidence by a public employee.

communications as exhibits to its motion for summary judgment. (D.I. 557 at ) But the relief sought by GOLO in the pending motion to seal is limited the discovery dispute letter brief filed by Goli. (D.I. 534 at 1) ("Plaintiff GOLO moves to seal its communications with the Task Force . . . attached as Ex. H to a discovery dispute letter brief filed by Goli Nutrition (D.I. 490, Ex. H)[.]"). Case dispositive motions are not referred to the undersigned judicial officer in this matter, and issues regarding the sealing or unsealing of exhibits to those motions are for the District Judge to decide.

      **6.** Goli also retreads an argument about the denial of its own motion to seal exhibits featuring confidential submissions to the National Advertising Division. (D.I. 557 at 4 n.2; D.I. 266) But the exhibits in question were attached to Goli's reply brief on a motion to extend deadlines and file a supplemental complaint. (D.I. 229, Exs. C-D) They were not raised in the context of a discovery dispute. Consequently, the common law right of access attached to these exhibits under *Avandia*. See *Genentech*, 2020 WL 9432700, at *3 (describing carve-out for discovery motions).

      **7.** ***April 17 Memorandum Order.***[3] GOLO also proposes redactions to remove references to the Task Force inquiry and communications in the April 17 Memorandum Order. (D.I. 534, Ex. A) GOLO concedes that the existence of the investigation by the District Attorney was publicly disclosed by Goli in a prior filing. (D.I. 534 at 5 n.3; D.I. 460 at 2 n.1; D.I. 567 at 6-7) "After material appears unsealed on a court's docket, and therefore in the public domain, there are little, if any, plausible justifications for subsequently sealing the same material." *In re*

---

[3] For clarity of the record, references to the April 17 Memorandum Order refer to D.I. 522. The court assumes for purposes of this analysis that citations to various and sometimes nonexistent docket numbers in the briefing were intended to reference the April 17 Memorandum Order at D.I. 522. (*See, e.g.*, D.I. 557 at 4 n.2, 5) (referencing D.I. 166 and D.I. 667, respectively).

*Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, C.A. No. 19-mc-209-CFC, 2020 WL 2949742, at *29 (D. Del. Mar. 25, 2020) (citing cases).

**8.** GOLO maintains its position that the reference to the Task Force investigation in Goli's prior filing should also be redacted. (D.I. 534 at 5 n.3) The District Judge has already considered and rejected GOLO's position on this point. (D.I. 490 at 4) GOLO's attempts to minimize the extent of the prior disclosure are also unavailing. (D.I. 534 at 5 n.3) Goli's prior footnote discloses the existence of the investigation, and the April 17 Memorandum Order does no more than that. (*Compare* D.I. 460 at 2 n.1 *with* D.I. 522)

**9.** In its reply brief, GOLO attempts to draw a distinction between the prior disclosure of an investigation by the District Attorney and disclosure in the April 17 Memorandum Order of an investigation by the "Task Force," suggesting that identification of the Task Force reveals the substance of the investigation. (D.I. 567 at 7) In contrast, GOLO argues that disclosure of an investigation by the District Attorney is less specific because "[d]istrict attorneys reach out to companies for alleged weights and measures violations, for allegedly not prominently posting return policies, for auto-renewal programs, for dumping expired product, etc." (*Id.*) GOLO does not explain how any of these alternatives are less prejudicial to it, and GOLO's position that disclosure of the existence of the "Task Force" investigation amounts to a disclosure of the substance of that inquiry is not persuasive.

**10.** Moreover, GOLO fails to show how disclosure of the existence of the investigation, by itself, will result in serious injury. *See In re Avandia*, 924 F.3d at 672. Instead, GOLO states that harm will result from the public disclosure of "the investigation *and its contents*," reciting undesirable events that will occur "[i]f the investigation, *the claims at issue, and GOLO's*

5

*arguments and substantiation* are made public" before the investigation is complete. (D.I. 534 at 6 (emphasis added); *see also* D.I. 567 at 6). The April 17 Memorandum Order does not disclose any substantive aspects of the Task Force investigation, as shown in GOLO's proposed redactions. (D.I. 534, Ex. A) Consequently, GOLO's motion to seal portions of the April 17 Memorandum Order is DENIED. The April 17 Memorandum Order shall be unsealed after the expiration of the objections period in Fed. R. Civ. P. 72(a) and the resolution of objections, if any, by the District Judge.

11. This Memorandum Order is issued under seal. The guidance provided herein shall inform the parties' discussions regarding proposed redactions, if any, to the Memorandum Order. The issuance of this Memorandum Order under seal should not be viewed as an invitation for further motion practice on redactions. In other words, reasonable attorneys acting in good faith should not require multiple court decisions on the same or similar issues based on the same or similar facts.

12. **Conclusion.** For the foregoing reasons, IT IS ORDERED that GOLO's motion to seal is GRANTED-IN-PART. (D.I. 534) GOLO's motion to seal the Task Force communications at D.I. 490, Ex. H is GRANTED, and the motion to seal portions of the April 17 Memorandum Order referring to the existence of the Task Force investigation is DENIED. The April 17 Memorandum Order shall be unsealed after the expiration of the objections period in Fed. R. Civ. P. 72(a) and the resolution of objections, if any, by the District Judge.

13. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **June 22, 2023**, for

review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

14. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

15. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge