**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GOLO, LLC, | |
| Plaintiff, | C.A. No. 20-667-RGA |
| v. | **REDACTED VERSION** |
| GOLI NUTRITION INC., a Canadian Corporation, GOLI NUTRITION INC., a Delaware Corporation, and MICHAEL BITENSKY, | |
| Defendants. | |
| GOLI NUTRITION INC., a Canadian Corporation, GOLI NUTRITION INC., a Delaware Corporation and MICHAEL BITENSKY, | |
| Counter-Plaintiffs, | |
| v. | |
| GOLO, LLC and CHRISTOPHER LUNDIN, | |
| Counter-Defendants. | |

## <u>PROPOSED FINAL PRETRIAL ORDER</u>

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16

of the Federal Rules of Civil Procedure and Local Rule 16.3.

**Counsel for Plaintiff and Counter-Defendants:**

Chad S.C. Stover (No. 4919)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
Tel: (302) 300-3474
Email: chad.stover@btlaw.com

Amy P. Lally
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor

Los Angeles, CA  90067
Tel.: (310) 595-9500
Email alally@sidley.com

Mark D. Hopson (Admitted *pro hac vice*)
Benjamin M. Mundel (Admitted *pro hac vice*)
Jacquelyn E. Fradette (Admitted *pro hac vice*)

SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel: (202) 736-8000
Email: mhopson@sidley.com
bmundel@sidley.com
jfradette@sidley.com

Rachel L. Hampton (Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Email: rhampton@sidley.com

David Carpenter (Admitted *pro hac vice*)
Kristina Martinez (Admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Tel: (213) 896-6000
Email: drcarpenter@sidley.com
kmartinez@sidley.com

Darren Cahr (Admitted *pro hac vice*)
Scharf Banks Marmor LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Tel:  (312) 897-1484
Email:  dcahr@scharfbanks.com

**Counsel for Defendants and Counter-Plaintiffs:**

Brian A. Biggs
Stephanie E. O'Byrne
DLA PIPER (US)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Tel.: (302) 468-5700
Email: brian.biggs@us.dlapiper.com
stephanie.obyrne@usdlapiper.com

Tamar Y. Duvdevani (Admitted *pro hac vice*)
Andrew J. Peck (Admitted *pro hac vice*)
Colin Steele (Admitted *pro hac vice*)
Joshua Schwartzman (Admitted *pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY  10020-1104
Tel.: (212) 335-4500
Email: tamar.duvdevani@us.dlapiper.com
andrew.peck@us.dlapiper.com
colin.steele@us.dlapiper.com
joshua.schwartzman@us.dlapiper.com

Safraz W. Ishmael (Admitted *pro hac vice*)

DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Tel.: (617) 406-6000
Email: safraz.ishmael@us.dlapiper.com

Melissa A. Reinckens (Admitted *pro hac vice*)
Susan N. Acquista (Admitted *pro hac vice*)
DLA PIPER LLP (US)
4365 Executive Way, Suite 1100
San Diego, CA  92121-2133
Tel.: (858) 677-1400
Email: melissa.reinckens@us.dlapiper.com
susan.acquista@us.dlapiper.com

Oscar Orozco-Botello (Admitted *pro hac vice*)
DLA PIPER LLP (US)
2000 Avenue of the Stars, Suite 400 North
Tower
Los Angeles, CA 90067-4735
Tel.: (310) 595-3000
Email: oscar.orozco-botello@dlapiper.com

## I.   NATURE OF THE CASE

1.      Plaintiff and Counter-Defendant GOLO, LLC ("Golo") filed its Complaint in this matter on May 18, 2020, against Defendants and Counter-Plaintiffs Goli Nutrition Inc., a Canadian Corporation, and Goli Nutrition Inc., a Delaware Corporation (together "Goli Nutrition"). D.I. 1.

2.      On September 1, 2020, the Court denied Golo's motion seeking preliminary injunctive relief on its trademark infringement claim. D.I. 63.

3.      Golo filed its First Amended Complaint[1] on December 20, 2021. D.I. 124. The First Amended Complaint, which is the operative complaint, brings two main categories of claims against Goli Nutrition: (1) trademark infringement and (2) false advertising. *Id.* ¶ 18. The First Amended Complaint also asserts causes of action against Defendant Michael Bitensky. Golo demands a jury trial and seeks damages and injunctive relief for its claims against Goli Nutrition and Mr. Bitensky. *Id.* at 1, ¶¶ 235-42. Specifically, Golo's causes of action are as follows. **GOLO's Trademark Claims:** Golo's first, second, third, and fifth causes of action are Golo's trademark claims. Count I is a claim for trademark infringement pursuant to 15 U.S.C.§ 1114(1). *Id.* ¶¶ 199-205. Count II is a claim for false designation of origin pursuant to 15 U.S.C. § 1125(a)). *Id.* ¶¶ 206-11. Count III is a claim for cancellation of Goli Nutrition's allegedly infringing registration, U.S. Registration No. 6,047,784, pursuant to 15 U.S.C. § 1052(d). D.I. 124 ¶¶ 212-15. Count V is a claim for unfair competition under the Delaware

---

[1] On March 9, 2023, the Court denied Golo's motion for leave to file a supplemental complaint. D.I. 462. Thus, Golo's operative complaint is the First Amended Complaint.
**Goli Nutrition's Statement:**  Goli Nutrition contests Golo's description of the subject document as a "supplemental complaint."   The document the court rejected was a proposed second amended complaint, not a supplemental complaint.

Uniform Deceptive Trade Practices Act, 6 *Del. C.* 1953, § 2531 *et seq. Id.* ¶¶ 225-29. Count III is asserted against only Goli Nutrition. **Golo's False Advertising Claims:** Golo also brings false advertising causes of action against Goli Nutrition and Mr. Bitensky. Specifically, Count IV is a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). D.I. 124 ¶¶ 216-24. Count VI is a claim for unfair competition (false advertising) under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* 1953, §§ 2532(a)(8) and (12). *Id.* ¶¶ 230-34.

4.     On April 22, 2022, Goli Nutrition filed its Answer to First Amended Complaint, Affirmative Defenses, and First Amended Counterclaims ("First Amended Counterclaims"). D.I. 161. Goli Nutrition denies Golo's allegations in the First Amended Complaint and denies that Golo is entitled to any recovery or relief. Goli Nutrition has asserted defenses to Golo's First Amended Complaint, including: (1) the First Amended Complaint fails to state a claim upon which relief may be granted; (2) Golo is engaged in trademark misuse in attempting to monopolize the market beyond the boundaries of any purported trademark rights it may have, if any; (3) some or all of the relief sought by Golo is barred because Golo has failed to establish irreparable injury; (4) the relief sought by Golo is barred by the doctrine of unclean hands; and (5) Golo's false advertising claims fail due to lack of Article III and Lanham Act standing.

5.     Goli Nutrition's First Amended Counterclaims asserts the following claims against Golo and Plaintiff and Counter-Defendant Christopher Lundin in two main categories: (1) False Advertising Counterclaims; and (2) Trademark Cancellation Counterclaims. **Goli Nutrition's False Advertising Counterclaims:** The First Counterclaim is a claim that Golo and Mr. Lundin have engaged in false and misleading advertising in violation of 15 U.S.C. § 1125(a). D.I. 161 ¶¶ 255-67. The Second Counterclaim is a claim that Golo's and Mr. Lundin's false statements and advertising violate the Delaware Deceptive Trade Practices Act, 6 *Del. C.* 1953,

§ 2531. D.I. 161 ¶¶ 268-74. The Third Counterclaim is a claim that Golo's and Mr. Lundin's false advertising constitutes unfair competition under the common law of Delaware. *Id.* ¶¶ 275-80. **Goli Nutrition's Trademark Cancellation Counterclaims:** Goli Nutrition also brings cancellation counterclaims against Golo. The fourth counterclaim asserts that Golo's registration for the "GOLO" mark (Reg. No. 5,552,578) should be partially cancelled because Golo has not used the mark in connection with all of the registered goods. *Id.* ¶¶ 281-88. The fifth counterclaim asserts that Golo's registration for the mark "GOLO METABOLIC FUEL INDEX" (Reg. No. 5,258,942) should be declared invalid and cancelled pursuant to 15 U.S.C. § 1119 because it was based on an inaccurate declaration of use. *Id.* ¶¶ 289-97. The sixth counterclaim asserts that Golo's registrations for the marks "GOLO FUEL INDEX" (Reg. No. 5,235,221), "GOLO LIFECARDS" (Reg. No. 5133721), and "GOLO RESCUE PLAN" (Reg. No. 5,212,233) should be declared invalid and cancelled pursuant to 15 U.S.C. § 1119 because Golo has abandoned these marks by ceasing to make commercial use of the marks. *Id.* ¶¶ 298-309).

6.      Golo denies Goli Nutrition's allegations in the First Amended Counterclaims, denies Goli Nutrition's affirmative defenses to Golo's First Amended Complaint, and denies that Goli Nutrition is entitled to any recovery or relief.

7.      On March 10, 2023, the Court denied Golo's partial motion to dismiss the First Amended Counterclaims. D.I. 464.

8.      On March 27, 2023, Golo filed its Answer to Goli Nutrition's First Amended Counterclaims. D.I. 498. Golo has also asserted affirmative defenses to Goli Nutrition's First Amended Counterclaims, including: (1) the First Amended Counterclaims fail to state a claim upon which relief may be granted; (2) some or all of the relief sought by Goli Nutrition is barred because Goli Nutrition has failed to establish irreparable injury; (3) Goli Nutrition's

counterclaims and any recovery sought are barred by waiver, acquiescence, estoppel, the doctrine of equitable estoppel and/or unclean hands in light of, in part, its false and misleading claims regarding Goli-branded products and services that purportedly compete with Golo's products and form the basis of its claims; (4) Goli Nutrition's First Amended Counterclaims may be barred, in whole or in part, by the applicable statute of limitations; (5) Goli Nutrition's First Amended Counterclaims are barred, in whole or in part, by the doctrine laches, in that Goli Nutrition has unreasonably delayed efforts to enforce its right, if any, despite full awareness of Golo's actions; and (6) Goli Nutrition's claims fail, in whole or in part, due to a lack of Article III and Lanham Act standing.

9.     On July 11, 2023, the Court issued an order stating that "the Court is inclined to exclude the following from the jury trial – 1. Any mention of the FDA, the FDCA, FED regulations and definitions, and of the FTC. 2. Any mention of the preliminary injunction. Any mentioned of the California Task Force [(the "CTF")]. 4. Any mention of the National Advertising Division [(the "NAD")]." D.I. 634.  The Court subsequently excluded any mention of the NAD, the CTF or the California District Attorney. D.I. 656

10.     On July 11, 2023, the Court issued an order resolving some of the issues from the summary judgment and motion to exclude briefing. D.I. 635. Specifically, the Court held:

    a.  "Section X of the Merenstein Report and any testimony based on it are EXCLUDED."

    b.  "A second argument seeks to exclude the testimony of Dr. Fabricant. (D.I. 513 at 15-16). As I understand it, his report is also offered as rebuttal to the reports of Drs. Contoreggi and Cheskin. The issue is likely moot, because I do not expect to permit Drs. Contoreggi and Cheskin to testify on anything about the

FDA that would require an FDA expert to testify in rebuttal. If it turns out not to be moot, we can address it later. I do not intend to address it further at this time."

c. "Counterclaims V and VI are DISMISSED as moot."

d. "Counterclaim Counts I, II, and III (D.I. 161) are DISMISSED-IN-PART for lack of standing to the extent they are based on the Aerotrainer."

e. "I cannot grant summary judgment based on 'likelihood of confusion.' That is a matter for the jury to resolve."

11. A hearing on the parties' motions for summary judgment and motions to exclude was held on July 13, 2023.

12. On August 3, 2023, the Court issued an order on the outstanding motions for summary judgment and motions to exclude. D.I. 656. Specifically, the Court:

a. DENIED-IN-PART and GRANTED-IN-PART Goli Nutrition's motion to exclude the testimony of Dr. Jerry Wind;

b. GRANTED Goli Nutrition's motion to exclude the testimony of Timothy Calkins;

c. DENIED-IN-PART and GRANTED-IN-PART Goli Nutrition's motion to exclude the testimony of Dr. Alyson Mitchell and Dr. Bruce Isaacson;

d. DENIED Goli Nutrition's motion to exclude the testimony of Sarah Butler;

e. DISMISSED without prejudice to renew Golo's motion to exclude the testimony of Keith Ugone;

f. DENIED Golo's motion to exclude the testimony of Sameer Somal;

g. DENIED-IN-PART and GRANTED-IN-PART Golo's motion to exclude the

testimony of Drs. Contoreggi and Cheskin;

h.  DENIED Golo's motion to exclude the testimony of Hal Poret;

i.  DISMISSED AS MOOT Golo's motion to exclude the testimony of Sean O'Keefe;

j.  DENIED Goli Nutrition's motion for summary judgment on Golo's false advertising claims;

k.  DENIED-IN-PART and GRANTED-IN-PART Goli Nutrition's motion for summary judgment on GOLO's lack of evidence that it suffered any harm, finding that "there is a genuine dispute on damages as to GOLO's trademark infringement claim, and GOLO may present its evidence of harm at trial," including that "Wind may testify to the types of harm he describes in his report, to wit, loss of control of its brand, loss of distinctiveness, tarnishment, and loss of sales." But that "GOLO cannot prove any damages for its false advertising claims";

l.  DENIED Goli Nutrition's motion for summary judgment on Counterclaim I; and

m.  DENIED Golo's motion for partial summary judgment on the "implied disease" claim counterclaims.

n.  "[N]either party objects to excluding any mention of the preliminary injunction and thus it is EXCLUDED."

o.  "As to any mention of the FDA, FDCA, and FDA regulations, Goli argues that it is necessary for its fact witnesses to testify that it complied with FDA regulations. (Hr. Tr. at 14 7 :5-152: 16). GOLO argues that allowing Goli to

allow its fact witnesses to testify to their belief that Goli complied with FDA regulations presents a "sword and shield problem." (Hr. Tr at 152:18-155:14). The parties are to meet "and confer and submit a letter to the Court in advance of the pretrial conference regarding this issue."

 p. "Regarding the National Advertising Division (NAD) and California Task Force (CTF) investigations, any mention of the NAD, the CTF, or the California District Attorney is EXCLUDED. Goli's statements to NAD are not excluded to the extent they do not make any mention (or are redacted so that they do not make any mention) of the investigation or the NAD. Based on GOLO's representations that its statements to the CTF are confidential negotiations (Hr. Tr. at 200:8-17), GOLO's statements to the CTF are EXCLUDED. Fed. R. Evid. 408. The NAD and CTF rulings are subject to review at trial should I conclude the opposing party opens the door."

13. A pretrial conference is scheduled for August 11, 2023 at 9 a.m. D.I. 308 at 2. A five-day jury trial in this matter is scheduled to start on August 21, 2023. *Id.* On August 3, 2023, the Court issued an order bifurcating Golo's trademark infringement claims from the remainder of the claims and counterclaims in the case. D.I. 655.

14. **Golo's Statement:** This order addresses only the trademark infringement claims, and the parties will submit a separate order on Golo's false advertising claims and on Goli Nutrition's counterclaims when a separate trial on those claims is scheduled. Goli's rush to the courthouse with a letter objecting to the pretrial order is consistent with its overall conduct during the PTO process. Goli has shown no willingness to work together, has made no effort to compromise, and fights every issue to the maximum extent possible. For example, to avoid

9

repeated disputes and to try to streamline issues for the court, as a result of all of this, Golo has now suggested in many places that the court simply adopt the language it used in *American Cruise Lines*. Both parties agree that this is strong precedent from this court and it is neutral and previously approved language. As the Court will see in the PTO, Goli vehemently objects to this language when Golo suggests it. In the below statement, Goli falsely accuses Golo of refusing to narrow the scope of the pretrial order of the Court's bifurcation order. That statement is untrue and Golo has repeatedly explained to Goli during the pretrial process why its materials are limited to the trademark case that is being tried during the August 21, 2023.

15.     **Goli Nutrition's Statement:**   Throughout this pretrial order and the exhibits attached hereto, Goli Nutrition has endeavored to tailor its discussion of the facts, issues of law that remain to be litigated, and statements of proofs, among other things, only to the bifurcated trial on Golo's trademark infringement claims, as ordered by the Court. Golo has refused to meaningfully narrow the scope of this pretrial order after the Court's bifurcation order.  Instead, Golo appears to seek to present the entirety of its false advertising case and all the evidence pertaining thereto as part of the bifurcated trademark trial by claiming that this evidence is relevant to damages on its trademark claims.  *See* D.I. 658.  Goli Nutrition's case is naturally responsive to Golo's case and, therefore, Goli Nutrition has included responses to Golo's improper positions, and must reserve the right to make further revisions pending any further rulings from the Court on the scope of the trial.

16.     The following motions are fully briefed and at least partially pending:

a.   Golo's Motion to Strike the Jury Demand as to Counterclaims Asserted by

Goli Nutrition (D.I. 627).[2]

## II.    FEDERAL JURISDICTION

17.    This Court has subject matter jurisdiction over Golo's First Amended Complaint, D.I. 124, under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because the action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.* The Court has supplemental jurisdiction over Golo's state law claims because the claims are so related to the claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, that they form part of the same case and controversy under Article III of the United States Constitution.

18.    Venue is proper in this District under 28 U.S.C. § 1391(b)–(c) because Goli Nutrition is subject to personal jurisdiction in this District and transacts business and sales within this District, and Golo resides within this District and transacts business and sales within this District, and the acts complained of in this matter occurred and continue to occur within this District.

19.    The parties do not dispute personal jurisdiction or venue for the purpose of this action.

## III.    STATEMENT OF FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF

20.    The parties' joint statement of facts that are admitted and require no proof at trial is attached as **Exhibit 1A**.

## IV.    ISSUES OF FACT REMAINING TO BE LITIGATED

21.    Golo's list of factual issues remaining to be litigated is attached as **Exhibit 1B**.

---

[2] While this motion has not been formally ruled upon, and thus is technically still outstanding, it is Goli Nutrition's position that it has been resolved by the combination of the Court's rulings on bifurcation (D.I. 655) and its holding that Golo has no claim for any legal damages on its false advertising claims.  *See* D.I. 656 at 13 ("GOLO cannot prove any damages for its false advertising claims.").  Thus, in any subsequent trial on the parties' respective false advertising claims, neither party will have a right to a jury trial, rendering this entire issue moot.

22.     Goli Nutrition's list of factual issues remaining to be litigated is attached as **Exhibit 1C**.

23.     The parties reserve the right to modify or supplement their statements of factual issues that remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court, developments in the case, or agreements of the parties.

V.      **STATEMENTS OF ISSUES OF LAW REMAINING TO BE LITIGATED.**

24.     Golo's list of legal issues remaining to be litigated is attached as **Exhibit 2A.**

25.     Goli Nutrition's list of legal issues remaining to be litigated is attached as **Exhibit 2B.**

26.     The parties reserve the right to modify or supplement their statements of issues of law that remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court, developments in the case, or agreements of the parties.

VI.     **EXHIBITS**

27.     The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective trial exhibit lists. These exhibit lists include exhibits that may not necessarily be introduced into evidence. Except for documents used solely for impeachment or rebuttal, a party may not offer substantive documentary evidence not appearing on its exhibit list, unless the Court determines that the interest of justice so warrants, or by agreement of the other parties. These lists include the exhibit number to be used at trial, and a description sufficient to identify the exhibit to the other party, such as a production number or otherwise. Any descriptions included in the exhibit list are provided as a convenience only and shall not be used as an admission or as evidence. The parties reserve the right to withdraw exhibits from their exhibit

12

lists based on rulings from the Court, including rulings on pending motions, motions in limine and during trial.

28.     Golo's list of exhibits and Goli Nutrition's objections are attached hereto as **Exhibit 3A.   Golo's Statement.** Golo's initial exhibits list included exhibits for all three categories of claims and potential impeachment and rebuttal exhibits.  In light of the bifurcation order and to streamline the issues for trial, Golo is reviewing its exhibit list attached to this pretrial order, and will, by the pre-trial conference, identify 300 priority exhibits from its exhibits list.  Those are the exhibits that Golo is more likely to use in its trademark case-in-chief, but Golo reserves the right to use exhibits on its overall list as necessary at the trial. There is no basis to strike the other exhibits on Golo's witness list and Goli has cited no authority for such an order.  Nor has Goli identified 300 priority exhibits from its list, and its list contains more than 1000 exhibits.   **Goli Nutrition's Statement:**  Goli Nutrition has repeatedly objected to the length of Golo's exhibit list, which to-date still includes more than 4,000 exhibits.  Goli Nutrition further notes that Golo has not yet even prepared its list of 300 "priority" exhibits for the parties to meet and confer on prior to submission of the pretrial order.  Moreover, Golo's proposal would not amount to a "streamlin[ing]" of its exhibit list at all, as Golo insists that it still be permitted to utilize any of the exhibits from its 4,000+ exhibit list at trial.  This would make Golo's "priority" list of 300 exhibits meaningless.  Goli Nutrition therefore asks that the Court strike any exhibits that are not included on Golo's "priority" list, or else otherwise limit Golo to a reasonable number of exhibits.  Because Golo has insisted on this procedure and refused to actually narrow its exhibit list, Goli Nutrition is also working to narrow its exhibit list to a set of "priority" exhibits, but has no objection to the Court limiting both parties to their respective lists, reciprocally.

29.     Goli Nutrition's list of exhibits and Golo's objections are attached hereto as **Exhibit 3B.**

30.     A party may not add exhibits to its exhibit list after the date of this Order, except for good cause shown or by agreement of the other parties. A party may not introduce at trial any exhibit not appearing on its list, except for good cause shown or by agreement of the other parties.

31.     A party's identification of a document on its exhibit list is not an admission that the exhibit is authentic, admissible or factually correct.

32.     Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party. If the non-designating party offers into evidence an exhibit designated but not introduced by the designating party, the designating party reserves its right to object to the introduction into evidence of that exhibit, depending on the use for which it is being offered.

33.     No party will remove a document once it has been added to the party's exhibit list without agreement from the other parties, so it provides other parties the opportunity to add the document to their exhibit lists.

34.     The parties agree that exhibits to be used or offered into evidence solely for impeachment or rebuttal need not be included on the lists of trial exhibits. The parties agree that exhibits to be used or offered into evidence solely for cross-examination or impeachment need not be specifically disclosed in advance of being offered at trial but that exhibits being used or offered into evidence for non-impeachment or non-rebuttal purposes need to be included on the list of trial exhibits.

35.     Unless objected to on the exhibit list, the parties stipulate to the authenticity and

business record status of each document that on its face appears to have been generated by a party (plaintiff or defendant) (including documents generated by its employees during the course of their employment for a party) and produced in this case by that party subject to the caveat that any party may object to the admissibility of any specific statement in a document to the extent it can show that such statement does not fall within Fed. R. Evid. 803(6) or should otherwise not be admitted (*e.g.*, pursuant to Fed. R. Evid. 402 or 403, or other grounds). Notwithstanding this stipulation, each party preserves its right to object to the document on any ground other than authenticity and business record status.

36.     The parties agree that written answers to interrogatories or requests for admission served or stipulations agreed to in this case shall be treated as having been given under oath, whether or not the answers were signed or verified by the party making them. If a party proposes to read a statement by a party opponent from any request for admission responses, interrogatory responses or pleadings, they will provide notice pursuant to the provisions in Paragraphs _____ regarding demonstrative exhibits.

37.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document. Each party reserves the right to object to the relevance or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

38.     Demonstrative trial exhibits need not be listed on the parties' exhibit lists. The party seeking to use a demonstrative will provide a color copy of the demonstrative to the other side in PDF, PowerPoint, or some other commonly viewable format, according to the schedule below. However, for video or animations, the party seeking to use the demonstrative will provide

it to the other side on a DVD, CD, email, FTP site, USB drive, or other common media format. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color copy in a commonly viewable format or PDF. The parties need not exchange demonstrative exhibits for use in cross examination or closing arguments.

a.      **Exhibits and Demonstratives for Opening Statements**

39.      The parties agree that they shall provide the other side with notice of specific exhibits (by exhibit number) expected to be used during that party's opening statement and all demonstrative exhibits expected to be used during that side's opening statement by 10:00 a.m.[3] one calendar day before the first day of trial, *i.e.*, August 20, 2023. The other party shall identify any objections to demonstrative exhibits and any objections to the admissibility of the exhibits sought to be used during opening statements by 2:00 p.m. that day. The parties shall then meet and confer by 5:00 p.m. that evening regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before opening statements of said objections for resolution.

b.  **Exhibits for Direct Examination**

40.      A party will identify exhibits and prepared demonstratives to be used in connection with each direct examination by exhibit number and intended witness by 11:00 a.m. the day before their intended use on a witness-by-witness basis.  This paragraph will not apply to exhibits being used with a witness being presented by deposition. Exhibits to be presented with deposition testimony and objections thereon shall fall under the same exchange schedule as agreed for the testimony designations. Except for exhibits and demonstratives used during cross examination or re-direct examination, no exhibits will be used at trial unless so identified or

---

[3] All times are Eastern Time Zone.

otherwise permitted to be used upon good cause shown.

41.     The other party will provide its objections by 6:00 p.m. the day of receipt. To the extent necessary, the parties shall meet and confer by 8:00 p.m. the night before the use of any exhibits in order to resolve any objections. If good-faith efforts to resolve the objections fail, the party objecting to the exhibits shall raise its objections with the Court no later than the morning on the day of the exhibits' anticipated use.

### c.  Demonstratives for Direct Examination

42.     A party will provide demonstratives to be used in connection with each direct examination by 11:00 a.m. the day before their intended use on a witness-by-witness basis. The other party will provide its objections by 6:00 p.m. the day of receipt. To the extent necessary, the parties shall meet and confer by 8:00 p.m. the night before the use of any demonstratives in order to resolve any objections. If good-faith efforts to resolve the objections fail, the party objecting to the demonstratives shall raise its objections with the Court no later than the morning of the demonstratives' anticipated use.

43.     The parties request that counsel be permitted to move, and the Court admit if appropriate, evidence on the morning following use of the evidence, to the extent not admitted at the time of use.

## VII.   WITNESSES

### a. Preliminaries

44.     The parties agree that fact witnesses, other than named individuals, will be sequestered. The parties agree that expert witnesses need not be sequestered.

45.     The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition. To the extent that a party decides not to call a witness in a particular manner as previously designated on its witness list, the designating party

shall immediately notify the other party of the change.

46.     By 12:00 pm on the Tuesday before trial begins, Golo shall present a preliminary list of their planned witnesses, including the likely order and whether the witness will be called live or by deposition. By 12:00 pm on the Wednesday before trial begins, Goli Nutrition shall present a preliminary list of their planned witnesses, including whether the witness will be called live or by deposition.  By 12:00 pm on the Thursday before trial begins, the parties shall each give each other notice if they intend to call any witness listed by the other party as being called live as an adverse witness in their own case.

47.     By 7:00 pm EST two calendar days before any witnesses not included on the preliminary lists discussed in paragraph 46 *supra* will be called to testify (either live or by deposition), the name of the witness will be identified by e-mail to opposing counsel, along with an explanation of whether the witness will testify live or by deposition.

48.     The parties will endeavor to give each other 24 hours' notice before concluding with its evidence and turning the case over to the other party.

49.     The parties' witness lists represent the parties' good faith understanding and expectation about which witnesses are expected to be called live at trial. To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each party reserves the right to call that witness by deposition, subject to resolution of objections by the parties.

50.     The parties further reserve the right to call: (1) one or more additional witnesses whose testimony is necessary to establish authenticity or admissibility of any trial exhibit, if the authenticity or admissibility of the exhibit is challenged by an opposing party; and (2) additional witnesses to respond to any issues raised by the Court's pretrial or trial rulings.

51.     Except as set forth herein, no fact or expert witness called by a party shall be permitted to testify at trial unless identified on a party's witness list.

**b.  List of Witnesses**

52.     Golo's list of witnesses to be called live or by deposition is attached hereto as **Exhibit 4A**. The witness list indicates which witnesses will be called live and which will be called by deposition. Goli Nutrition's objections to Golo's list of witnesses is included with the witness list.

53.     Goli Nutrition's list of witnesses to be called live or by deposition is attached hereto as **Exhibit 4B**. The witness list indicates which witnesses will be called live and which will be called by deposition. Golo's objections to Goli Nutrition's list of witnesses is included with the witness list.

**c. Live Testimony**

54.     By 7:00 pm EST two calendar days before a witness will be called to testify (live), the name of the witness will be identified by e-mail to opposing counsel.

**d.  Testimony by Deposition**

55.     Use of deposition testimony shall be governed by Rule 32 of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

56.     Golo's list of deposition designations, Goli Nutrition's objections thereto, Goli Nutrition's counter-designations, and Golo's objections thereto is attached hereto as **Exhibit 5A**.

57.     Goli Nutrition's list of deposition designations, Golo's objections thereto, Golo's counter-designations, and Goli Nutrition's objections thereto is attached hereto as **Exhibit 5B**.

58.     The parties agree that objections and statements by counsel will not be introduced except where necessary to understand the answer to the question. The parties agree that the exhibit(s) referenced in a designated deposition excerpt may be presented and shown to the jury

at the same time that the excerpt is played or read.

59.     The pretrial order contains the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony; none of the foregoing may be supplemented without approval of all parties or leave of the Court, on good cause shown. Any party may use testimony that is designated by another party to the same effect as if it had initially designated the testimony as its own, subject to all objections.

60.     **Identification of designation testimony (disputed as to timing only):**

a.  **Golo's Proposal:** For any witness whose testimony the parties intend to present at trial by deposition, the parties shall identify a list of deposition designations to be played or read to the jury and the proposed exhibits used in the designations **by 7:00 p.m. three (3) days before trial (by August 18, 2023).** That shall include (i) A copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (*i.e.*, no more than one sentence per objection) of the basis for the objection and the offering party's response to it. If needed, the parties will meet and confer on the objections that culminates with the submission of the remaining disputes to the Court. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

b.  **Goli Nutrition's Proposal:** For witnesses testifying by deposition, the introducing party will identify by 7:00 pm EST two calendar days prior to

introducing deposition testimony, the particular designated deposition testimony (by page and line) that are actually intended to be played or read at trial, or a disclosure that all pages and lines previously designated will be played. By 3:00 pm EST one calendar day prior to introducing deposition testimony, the other party will identify any specific pages and lines from that deposition testimony to counter-designate and any testimony about which it maintains an objection. By 7:00 pm EST the day before introducing deposition testimony, the introducing party will identify any specific pages and lines from that deposition testimony to counter-designate and any testimony about which it maintains an objection. The parties shall meet and confer to resolve any objections to designated deposition testimony, and to give the introducing party enough time to prepare any necessary video/DVD of the testimony, with a final meet and confer to be conducted, only if needed, no later than 9:00 pm EST the calendar day before the testimony is to be introduced. If objections to disputed testimony are not resolved by this process, the parties shall present such objections to the Court on the day of their intended use at the convenience of the Court and before the testimony is to be presented.

61.  **Video v. Reading (Disputed)**

a.  **Golo's position:** Video taped deposition testimony shall be played via video. Testimony that is not video recorded shall be read.

b.  **Goli Nutrition's position**: Goli Nutrition proposes that the parties discuss the matter with the Court at the pretrial conference, as, among other things,

whether this case proceeds as a jury trial may impact how designated testimony will be entered. Generally, Goli Nutrition does not agree that either party should be precluded from the option of having videotaped deposition read into the record, rather than shown by video.

62. When deposition designations are introduced, all counter-designations will also be introduced in the sequence in which the testimony is originally given. Counter-designations will only be introduced if the initial designations are introduced. All colloquy between counsel and objections shall be eliminated when the deposition is read or played at trial. To the extent that deposition designations are played at trial, each party will be charged for the actual time taken to read or play its designations.

63. If a witness's designations at trial are read, counter-designations will also be read. If a video of a witness's designations is played at trial, counter-designations will also be played in video.

64. All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

65. When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. An additional copy shall be provided to the court reporter.

66. A designation and any corresponding counter-designations will be read or played by video in chronological order at the same time. However, a party is permitted to play by video designations (along with corresponding counter-designations) in any order desired so as, for example, to minimize jury confusion that may result from disorganized presentation. The parties

will be charged for all time that elapses from the time the witness is called until the next witness is called, according to the proportions to be provided by the parties.

67.    If a party decides to play less than all of the designated testimony for a witness at trial, or to include less than all of its counter-designations, the opposing parties may use such dropped testimony as counter-designations or counter-counter designations only to the extent the usage of such testimony in such manner is otherwise consistent with Fed. R. Evid. 106, Fed. R. Civ. P. 32, and any other applicable Federal Rule of Evidence or Federal Rule of Civil Procedure.

68.    The party offering the testimony is responsible for preparing video deposition clips of all designated testimony to be presented by video for that witness.

c.    If designated testimony is entered by video, a copy of the complete video deposition clips shall be provided to the opposing party no later than 5:00 p.m. the day before the video is expected to be played at trial, or else the producing party will inform the opposing party that the deposition will be read into the record.  This cut will include all designations and counters.

69.    For those witnesses whose depositions or prior trial testimony will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name, position or title, and/or the company to which he or she is associated, the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties. However, counsel shall not be permitted to argue or comment on the evidence during transition statements.

70.    The parties agree that depositions taken in this action may be used at trial whether or not the transcripts of such depositions have been signed and filed as required by Fed. R. Civ.

P. 30(b).

71.     The parties agree that the deposition testimony for impeachment of a live witness does not need to be designated and need not be included in the disclosure described in this Section.

72.     If a party intends to use deposition testimony during its opening statement, the party shall disclose the testimony with its opening disclosures.

**e. Impeachment with Prior Inconsistent Testimony**

73.     Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose. The parties agree that they may object to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.

**f. Objections to Expert Testimony**

74.     The parties agree that the Court should rule at trial on any objections to expert testimony as beyond the scope of prior expert disclosures, and that a failure to object to expert testimony as beyond the scope of prior expert disclosures waives the objection as to that testimony.

**VIII.   GOLO'S STATEMENT OF INTENDED PROOFS**

75.     Golo intends to prove the following at trial:

76.     As to **Golo's Trademark** claims under the Lanham Act and the Delaware Uniform Deceptive Trade Practices Act:

77.     As set forth in the statement of facts, as to Golo's trademark claims, Golo will establish that there is likelihood of confusion between the marks. It is uncontested that Golo owns U.S. Trademark Registration No. 4,436,947 for the GOLO mark, granted by the U.S.

Patent & Trademark Office ("USPTO") on November 19, 2013, for use with: dietary and nutritional supplements (Class 005); and health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition (Class 044). It is also uncontested that Golo owns several other U.S. trademark registrations and applications for marks that consist entirely or partially of GOLO. *See* Golo's Third Am. and Suppl. Resps. to Goli's First Set of Interrogs. (Feb. 1, 2023) ("Golo's Third Am. and Suppl. Resps.") at Second Suppl. Resp. to Interrog. No. 9. Together, the specific marks at issue are referred to as the "GOLO Mark."

78.      The GOLO Mark is a valid, registered, and legally protectable mark owned by Golo and Golo has the exclusive right to use the GOLO Mark nationwide in commerce in connection with the goods and services specified in the certificates of registration.[4]

79.      The GOLO Mark registration is incontestable.

80.      The GOLO Mark was adopted and first used in commerce before Goli began to market its Goli-branded products and that Golo's rights to the GOLO Mark were established prior to Goli's first use of "Goli" in commerce.

81.      Goli's use of the name "GOLI" is likely to cause confusion as to the source of the sponsorship of Goli's products.

82.      Goli and Michael Bitensky infringed Golo's Marks and continue to infringe by using a similar name .

83.      GOLO has been harmed by Goli's infringement and continuing infringement, including through lost sales, damaged reputation, and that harm is ongoing due to Goli's

---

[4] Goli's references to its own "goli" trademark registration are irrelevant and should be excluded.

continued unlawful use of the mark.

84.    Golo is entitled to cancellation of Goli's junior registration.

85.    As to Michael Bitensky's **individual liability:**

86.    Michael Bitensky is individually liable for Goli's misconduct because he is a director, employee, stockholder, or officer of Goli and was directly involved in and a conscious moving force behind Goli's infringing conduct, or was an active participant in the acts of unfair competition.

87.    As to Golo's **damages and requested relief:**

88.    Goli's and Michael Bitensky's actions have been willful.

89.    Golo is entitled to actual damages, including corrective advertising damages,[5] lost profits, and loss of goodwill, as well as disgorgement of profits, punitive damages, enhanced damages, costs, and attorneys' fees due to Goli and Michael Bitensky's conduct.

90.    Golo is entitled to permanent injunctive relief, and a Court order enjoining Goli from using the infringing mark.

91.    Goli will be unable to prove any of its affirmative defenses, including its unclean hands defense. Unclean hands, in particular, is equitable in nature and cannot be presented to the jury during the trademark jury trial. *See, e.g.*, *Haft v. Dart Group Corp.*, 841 F. Supp. 549, 576 & n.40 (D. Del. 1993) (explaining that "unclean hands" is "not really a defense at all" but instead a doctrine that courts apply "for their own protection and not as a matter of 'defense' to the defendant"); D.I. 627, 640, 643.

---

[5] As set forth below, Golo will seek corrective advertising based on lay testimony and will be seeking guidance from the Court as to whether expert Timothy Calkins can still testify regarding the underlying data on impressions (i.e. analysis of the number of impressions created by each party and cost of impressions) and what is an impression.

IX.    **GOLI NUTRITION'S STATEMENT OF INTENDED PROOFS**

92.    Goli Nutrition and Michael Bitensky will establish that there is no likelihood of consumer confusion between the parties and their marks.  In particular, Goli Nutrition and Michael Bitensky will show (i) that there are no similarities between the parties' marks, (ii) that the parties and their goods are not competitive, and in fact that the parties operate in different industries, (iii) that the parties do not sell their products via any of the same channels, (iv) that the parties employ markedly different advertising strategies, (v) that consumers are likely to exercise a heightened level of care in purchasing the parties' products, (vi) that Goli Nutrition did not adopt its marks with the intent of causing consumer confusion, and (vii) that no meaningful level of actual consumer confusion has arisen in the nearly four years in which the parties have coexisted in the market. Further, GOLO cannot show that Mr. Bitensky was directly involved in and a conscious moving force behind Goli Nutrition's allegedly infringing conduct.

93.    Goli Nutrition and Michael Bitensky will further show that, even if GOLO were to establish liability on any of its claims, GOLO would be unable to establish its entitlement to any monetary damages because (i) GOLO does not adequately disclose any actual damages it has allegedly suffered (*see* Goli Nutrition's MIL No. 3); (ii) GOLO is not entitled to a disgorgement of any portion of Goli Nutrition's profits, particularly once appropriate deductions are applied; and (iii) GOLO is not entitled to an award of corrective advertising damages (*see* D.I. 656). Goli Nutrition and Michael Bitensky will further show that GOLO is not entitled to injunctive relief, including because GOLO has not proven that it will suffer any irreparable harm in the absence of an injunction.

94.    Goli Nutrition and Michael Bitensky have also asserted seven affirmative defenses in this proceeding. GOLO has not challenged any of Goli Nutrition's defenses in any fashion. Of note, GOLO has not challenged or move to strike the unclean hands defense, which

is premised upon (1) inconsistent statements made by GOLO in obtaining the registrations for its GOLO marks, (2) the fact that GOLO has not made use of its marks as claimed in the applications for those marks, and (3) GOLO's own illegal conduct.

## X.     AMENDMENTS TO THE PLEADINGS

95.     The parties do not seek to make any amendments of pleadings at this time.

96.     Each side reserves the right to amend its pleadings to conform to proof.

## XI.    CERTIFICATION OF GOOD-FAITH SETTLEMENT EFFORTS

97.     The parties certify that they have engaged in good faith efforts to explore the resolution of this matter by settlement. In particular, the parties participated in a daylong mediation at JAMS with Judge Steven A. Gold on June 19, 2023. While the parties made progress, and will continue to discuss the possibility of a settlement, they were unable to come to a final resolution.

## XII.   MOTIONS IN LIMINE

98.     Golo's Motions in Limine, Goli Nutrition's Responses, and Golo's replies are attached as **Exhibits 6A1-3.**

99.     Goli Nutrition's Motions in Limine, Golo's Responses, and Goli Nutrtition's replies are attached as **Exhibit 6B1-3**.

## XIII.  OTHER MATTERS

**a.     Jury Selection.**

100.    If this case remains scheduled to be heard by a jury, the parties respectfully request that the Court begin jury selection the Friday before trial is scheduled, August 18, 2023.

**b.     Length of Trial**

101.    The trial will be timed. Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-

examination of witnesses called by any other party, closing argument, and its time arguing on objections that a party raises outside the presence of the factfinder to another party's exhibits and demonstrative exhibits.

102.   This case is currently scheduled for a five-day jury trial beginning at 9:00 am on August 21, 2023, with subsequent trial days beginning at 9:00 am and the jury excused each day at 5:00.

103.   **Goli Nutrition** believes there may be a need for additional time due to the number of facts and legal issues in dispute in light of Golo's refusal to actually streamline its case solely to its trademark infringement claims and its intent to put on its false advertising case under the guise of seeking trademark damages.   *See gen.* D.I. 658.   If Golo is permitted to do so, this will necessitate a mini-trial within a trial on Golo's unproven allegations that it was "harmed" by the alleged fact that Goli Nutrition's products do not provide benefits.   *Id.*   To defend itself against these entirely unproven claims, Goli Nutrition would need to present all the evidence it would otherwise have reserved for a false advertising trial to demonstrate that its products do in fact provide the claimed benefits, including a large volume of documentary evidence and fact and expert testimony.   *Id.*   Moreover, Goli Nutrition would need to present its own evidence to show that, even if this were a proper basis for Golo to claim harm on its trademark claims (it is not), any harm to Golo and/or its reputation actually resulted from the fact that Golo's products do not provide the benefits Golo claims.   *Id.*

In sum, the number of hours needed for this sort of trial would greatly exceed that needed for the trademark case, which Goli Nutrition believes could be accomplished in 16 hours per side in the week allotted absent the complications above.

104.   **Golo** does not believe additional trial time is needed and will be prepared to

complete its case in 1/2 of the trial time set by the Court. In order to efficiently try this case, Golo requests 16 hours to present its case-in-chief. Golo has exhaustively explained to Goli that it is not improperly trying to expand the trademark trial and will be filing a letter response regarding this same issue.

105.    Each party should receive an equal amount of time to present its case.

106.    The Courtroom Deputy will keep a running total of trial time used by counsel.

107.    At the conclusion of the jury trial, the parties and Court can decide what further proceedings (if any) are necessary, how they should be conducted, and what the schedule should be. As to the equitable issues, the Court should hold a 1-2 day bench trial to hear evidence on all equitable issues, not to be decided by the jury.

**c.    Motions for Judgment as a Matter of Law**

108.    The parties propose that motions for judgment as a matter of law be orally made and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed. The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard. Time spent arguing motions for judgment as a matter of law will not be counted as part of the parties' respective trial time. The parties may concurrently file written Rule 50(a) motions on a timeline provided by the Court.

109.    If the Court does not grant a party's oral motion for judgment as a matter of law, the moving party may renew the motion pursuant to Federal Rule of Civil Procedure 50(b).

**d.    Jurors and Jury Procedures**

110.    **GOLO's PROPOSAL:** There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers and

addressing there any challenges for cause, and concluding back in the courtroom with peremptory strikes.

111.    **GOLI NUTRITION'S PROPOSAL**: If this case remains scheduled to be heard by a jury, there shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers and addressing there any challenges for cause, and concluding back in the courtroom with peremptory strikes.

112.    The parties agree that the jurors shall be permitted to write notes by hand on their notepads during the trial, and that jurors be permitted to bring their provided binders and notepads into the deliberation room. The parties further propose that the jurors' binders remain in the courtroom during breaks in each trial day, be collected by the clerk each evening after daily recess, and collected and destroyed without review after the jury's discharge. The verdict must be unanimous.

113.    Proposed joint preliminary jury instructions with party objections were filed in conjunction with this order.

114.    Special voir dire questions, in accordance with Fed. R. Civ. P. 47(a) and D. Del. LR 47.1(a), were filed in conjunction with this order.

115.    Proposed verdict forms were filed in conjunction with this order.

116.    Proposed final jury instructions with party objections were filed in conjunction with this order.

117.    The parties will continue to meet and confer to narrow their disputes with regard to final jury materials.

**e.   Presentation of Evidence and Witnesses**

118.    **Goli Nutrition** proposes that on cross-examination of fact witnesses called live at

31

trial, adverse testimony beyond the scope of direct examination, but relevant to the cross-examining party's case, may be elicited. Pursuant to this proposal, each party reserves the right to call any witness identified on the other party's list.  Pursuant to this proposal, if both parties intend to call the same witness, the following format would apply: (1) non-adverse direct testimony; (2) cross/adverse direct testimony; (3) redirect or cross on the adverse direct testimony, if needed.  Goli Nutrition contends that this proposal will promote the interests of judicial efficiency and convenience to witnesses, as it will prevent the need for witnesses designated by both parties to take the stand twice.

119.    In addition, **Goli Nutrition** proposes that the Court exercise its authority pursuant to Federal Rule of Evidence 611 to require that each witness will be called only once and will not be recalled later in the case, except to rebut evidence offered later that the party wishing to recall the witness could not reasonably have anticipated. Consistent with this proposal, there will be no restriction on the scope of cross-examination of a witness called by an adverse party. In addition, examination of a witness beyond redirect (beyond "recross," for a witness called by an adverse party) will not be permitted absent a showing—for which the requesting party will be charged time—that the immediately preceding examination by the other side raised new points that the party has been unable to address adequately.

120.    Golo states: Golo opposes Goli Nutrition's proposal regarding allowing cross examination to exceed scope of direct. Golo proposes that presentation of any witness follow the normal course of trial in that any cross examination of a witness called live a trial must not exceed the scope of the direction examination of that witness. To that end, fact witnesses called by Golo during Golo's case-in-chief will need to be recalled again by Goli Nutrition if Goli Nutrition wishes to go beyond the scope of the direct exam. If there are significant reasons,

including efficiencies, to be gained by deviating from this rule in certain circumstances, those can be addressed when they arise.

**f.   Interrogatories**

121.   The parties agree that written responses to interrogatories may be used at trial consistent with the Federal Rules of Civil Procedure and Federal Rule of Evidence even if such responses have not been verified by the responding party.

**g.      Objections To Witnesses**

122.   **Golo states:** As set forth further in Golo's objections to Goli's witness list [Ex._], Golo objects to Goli's inclusion of John Benoualid (on Goli's will call list), and Bethany Jolley (on Goli's will call list), as well as Anthony Saade (on Goli's may call list) because Goli did not disclose any of these three witnesses in its Rule 26 initial disclosures or its amended initial disclosures, did not identify any of these three witnesses in response to interrogatories requesting the identity of relevant witnesses, did not designate any of these persons as corporate witnesses pursuant to F.R.C.P. 30(b)(6) and, consequently, none of these three witnesses was deposed.

123.   Golo would further request that Goli Nutrition give at least 5 days advance notice as to what days it intends to call Golo employees, and which employees it intends to call, so that those Golo employees can plan for business coverage.

**h.   Party Agreements**

124.   The parties agree that Kathleen Power may testify via remote means, if the Court permits it.

125.   Pursuant to the Court's August 3, 2023 Order (D.I. 656), the parties met and conferred regarding Goli Nutrition's introduction at trial of material and opinions in Dr. Keith Ugone's opening report.  Pursuant to the Court's direction at the July 13 hearing, Goli Nutrition identified to Golo those portions of Dr. Ugone's opening report that are responsive to Golo's

case.  Goli Nutrition requests that it be permitted to introduce these portions of Dr. Ugone's report, if necessary, at trial.  Golo maintains its objection to Dr. Ugone (who was disclosed exclusively as an equitable relief expert) testifying in the trademark jury trial.

126.    The parties agree not to mention any involvement by Dee Agarwal in the ▬▬▬▬ industry unless the fact is made at issue by Goli Nutrition.

**i.    Clarification of the Timothy Calkins Court Order (D.I. 656)**

127.    At the pretrial conference, Golo intends to seek clarity from the Court as to whether Timothy Calkins can still testify as to the underlying data (GOLO media impressions; GOLO media spend; Goli media impressions; Goli media spend). **Golo:** Contrary to what Goli states below, Golo and Goli met on Friday, August 4, 2023 and discussed the witness lists and then in follow-up to that discussion, Golo sent an updated witness list with its explanation as to why it was including Calkins on the list to preserve its rights while Golo seeks clarification from the Court.

128.    **Goli Nutrition** notes that Golo has not met and conferred with it on this matter, which Golo added to the pretrial order for the first time on August 5, 2023, and opposes Golo's request.  Golo must actually seek "clarification" and set out the basis for such relief for the Court to grant it.  Golo has not done so, by itself grounds to deny this informal and baseless request in full.  While Goli Nutrition reserves the right to respond further if Golo actually moves for relief, Goli Nutrition notes here that there is no ambiguity in the Court's categorical and wholesale exclusion of Mr. Calkins, his report, and his testimony for the Court to "clarify."  *See* D.I. 656 at 8 ("Mr. Calkins' report and testimony on corrective advertising is EXCLUDED.").  Golo has not set out any basis for this "clarification" for either the Court or Goli Nutrition to consider.  Nor could it, as the sole conceivable use of Mr. Calkin's testimony would be in support of Golo's claim for corrective advertising damages, and the Court has already found that Golo is only

seeking prospective corrective advertising damages and is not entitled to such damages (the Court's decision in this respect was in no way limited to Golo's false advertising claims). *See* D.I. 656 at 6 ("GOLO specifically seeks prospective corrective advertising damages, which courts have only awarded on occasion … Here, it does not appear that GOLO can demonstrate any actual damages, see infra p.13 n.15, to support prospective corrective advertising damages."). It is transparently clear that the testimony Golo is asking Mr. Calkins be allowed to provide is exactly the testimony the Court already excluded in support of damages the Court has already found Golo cannot seek.

**j.      Court's mandate in the August 3, 2023 Order (D.I. 656)**

129.    In the August 3, 2023 Memorandum Order (D.I. 656), the Court held: "As to any mention of the FDA, FDCA, and FDA regulations, Goli argues that it is necessary for its fact witnesses to testify that it complied with FDA regulations. (Hr. Tr. at 14 7 :5-152: 16). Golo argues that allowing Goli to allow its fact witnesses to testify to their belief that Goli complied with FDA regulations presents a "sword and shield problem." (Hr. Tr at 152:18-155:14). The parties are to meet and confer and submit a letter to the Court in advance of the pretrial conference regarding this issue."

130.    **GOLO'S POSITION:** The parties met and conferred. Golo's position is that the dispute regarding the FDA regulations "sword and shield problem" is a dispute as to the false advertising claims only. In light of the fact that the case was bifurcated, and that the trial on August 21, 2023 is proceeding as to the trademark infringement claims only, this dispute is no longer at issue. The parties will otherwise submit a letter to the Court in advance of the pretrial conference regarding the issue, as requested. Golo will be separately responding to Goli's letter (D.I.658), which was premature and sought to unfairly and unnecessarily usurp the pretrial process.

131.     **GOLI NUTRITION'S POSITION:** The parties met and conferred and Goli writes in response to the Court's order as follows.  Should the Court confirm, as requested by Goli Nutrition (D.I. 658), that this case will be limited to Golo's trademark infringement claims and require that all of Golo's false advertising evidence be removed from the pretrial order and from the trademark infringement trial, this dispute will not be at issue for purposes of the trademark infringement trial.  The parties will otherwise submit a letter to the Court in advance of the pretrial conference regarding the issue, as requested.

**k.     Goli Nutrition Company Witnesses**

132.     **GOLO'S POSITION:**  Golo has indicated that it intends to call the two founders and senior Gol executives Michael Bitensky (who is a party) and Dee Agarwal.  Goli has objected to this as they are outside of the court's subpoena power.  Golo seeks an order from the Court that Golo produce these two witnesses at trial, as current senior executive officers an agents of Goli Nutrition.  Goli's assertion below that Golo only first disclosed its intention to call Goli's Co-founders Michael Bitensky and Dee Agarwal as live witnesses on August 5, 2023 is incorrect.  Golo first disclosed its intention to call Goli's Co-founders as live witnesses on Golo's initial witness list which Golo exchanged on June 30, 2023. Goli objected to both witnesses' inclusion, including Mr. Bitensky who is a named defendant, on grounds that the witnesses are outside the power of the Court.  Goli would not commit to making either available for trial. Accordingly, Golo has properly included this issue in the pre-trial order for the Court's resolution.

133.     **Goli Nutrition** states that it has informed Golo that Mr. Bitensky, who is a party, will be appearing live at the trial and will be available to Golo to call as an adverse witness in whatever fashion the Court determines is proper.  *See* § XIII.e., *supra*.  There is therefore no need for the Court to enter any order as to Mr. Bitensky.  As to Mr. Agarwal, Goli Nutrition has

not yet disclosed whether he will be attending trial live, and the parties have built a mechanism for the timing of such disclosures into this order at Golo's request.   There is no basis for Golo to now insist that for Mr. Agarwal alone among all the potential witnesses who may be called by both parties there be an earlier disclosure of this information.   Moreover, Goli Nutrition notes that the parties have not met and conferred on this issue, and that Golo has not provided Goli Nutrition with any articulation of its position as to why Mr. Agarwal must appear live at trial beyond the conclusory sentence in the paragraph above, which Golo first provided in a draft of this order on August 5, 2023

**l.      Golo's Entitlement to a Jury Trial on its Trademark Infringement Claims**

134.   **GOLI NUTRITION'S POSITION:** Golo has acknowledged that its claim for a disgorgement of Goli Nutrition's profits is equitable in nature.   Therefore, if Goli Nutrition's third motion *in limine*, which seeks to preclude Golo from claiming damages on its trademark claims (i) that it did not disclose in a timely fashion and (ii) for which it has no evidentiary support, is granted, Golo will have no claim for any legal relief on its trademark infringement claims.   Golo would then not have a right to a jury trial on any of its claims, and this matter would be tried to the Court, not a jury.

135.   **GOLO'S POSITION.** This Court's order was clear that Golo is allowed to present arguments about the damages Golo suffered as a result of Goli's infringement. D.I. 656 (Court Order) at 12 ("I believe there is a genuine dispute on damages as to GOLO's trademark infringement claim, and GOLO may present its evidence of harm at trial."); see, e.g., id. at 13 ("Dr. Wind may testify to the types of harm he describes in his report, to wit, loss of control of its brand, loss of distinctiveness, tarnishment, and loss of sales."). As explained in Golo's opposition to Goli's motion in limine number three, Goli's arguments have no merit.

*      *      *

37

136.    This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

Dated: August 7, 2023
**Redacted Version filed on August 15, 2023**

By: _Stephanie E. O'Byrne_
 Brian A. Biggs
 Stephanie E. O'Byrne
 DLA PIPER (US)
 1201 North Market Street, Suite 2100
 Wilmington, Delaware 19801
 Tel.: (302) 468-5700
 Email: brian.biggs@us.dlapiper.com
    stephanie.obyrne@usdlapiper.com

 Tamar Y. Duvdevani (Admitted _pro hac vice_)
 Andrew J. Peck (Admitted _pro hac vice_)
 Colin Steele (Admitted _pro hac vice_)
 Joshua Schwartzman (Admitted _pro hac vice_)
 DLA PIPER LLP (US)
 1251 Avenue of the Americas
 New York, NY  10020-1104
 Tel.: (212) 335-4500
 Email: tamar.duvdevani@us.dlapiper.com
 andrew.peck@us.dlapiper.com
 colin.steele@us.dlapiper.com
 joshua.schwartzman@us.dlapiper.com

 Safraz W. Ishmael
 DLA PIPER LLP (US)
 Boston, MA  02110-1447
 Tel.: (617) 406-6000
 Email: safraz.ishmael@us.dlapiper.com

 Melissa A. Reinckens
 Susan N. Acquista
 DLA PIPER LLP (US)
 4365 Executive Way, Suite 1100
 San Diego, CA  92121-2133
 Tel.: (858) 677-1400
 Email: melissa.reinckens@us.dlapiper.com

By: _Chad S.C. Stover_
 Chad S.C. Stover (No. 4919)
 William J. Burton (No. 6243)
 BARNES & THRONBURG LLP
 222 Delaware Avenue, Suite 1200
 Wilmington, DE 19801
 Tel: (302) 300-3474
 Email: chad.stover@btlaw.com

 Amy P. Lally (Admitted _pro hac vice_)
 SIDLEY AUSTIN LLP
 1999 Avenue of the Stars, 17th Floor
 Los Angeles, CA 90067
 Tel: (310) 595-9500
 Email: alally@sidley.com

 Mark D. Hopson (Admitted _pro hac vice_)
 Benjamin M. Mundel (Admitted _pro hac vice_)
 Jacquelyn E. Fradette (Admitted _pro hac vice_)
 SIDLEY AUSTIN LLP
 1501 K Street, N.W.
 Washington, D.C. 20005
 Tel: (202) 736-8000
 Email:  mhopson@sidley.com
    bmundel@sidley.com
    jfradette@sidley.com

 Rachel L. Hampton (Admitted _pro hac vice_)
 SIDLEY AUSTIN LLP
 One South Dearborn
 Chicago, IL 60603
 Tel: (312) 853-7000
 Email: rhampton@sidley.com

 David Carpenter (Admitted _pro hac vice_)
 Kristina Martinez (Admitted _pro hac vice_)
 SIDLEY AUSTIN LLP

susan.acquista@us.dlapiper.com

Oscar Orozco-Botello (Admitted *pro hac vice*)
DLA PIPER LLP (US)
2000 Avenue of the Stars, Suite 400 North
Tower
Los Angeles, CA 90067-4735
Tel.: (310) 595-3000
Email: oscar.orozco-botello@dlapiper.com

*Attorneys for Goli Nutrition Inc. and Michael
Bitensky*

555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Tel: (213) 896-6000
Email: drcarpenter@sidley.com
         kmartinez@sidley.com

Darren Cahr (Admitted *pro hac vice*)
Scharf Banks Marmor LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Tel:  (312) 897-1484
Email:  dcahr@scharfbanks.com

*Attorneys for GOLO, LLC and
Christopher Lundin*